## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| SMARTPHONE TECHNOLOGIES LLC.,<br><br>    Plaintiff,<br><br>v.<br><br>(1)   **RESEARCH IN MOTION CORP.**<br>(2)   **RESEARCH IN MOTION LTD.**<br>(3)   **SAMSUNG ELECTRONICS CO. LTD.**<br>(4)   **SAMSUNG ELECTRONICS AMERICA, INC.**<br>(5)   **SAMSUNG TELECOMMUNIC-ATIONS AMERICA, LLC.**<br>(6)   **SANYO ELECTRIC CO., LTD.**<br>(7)   **SANYO ELECTRONIC DEVICE (U.S.A.), INC.**<br>(8)   **LG ELECTRONICS, INC.**<br>(9)   **LG ELECTRONICS USA, INC.**<br>(10)  **MOTOROLA, INC.**<br>(11)  **APPLE, INC.**<br>(12)  **PANTECH WIRELESS, INC.**<br>(13)  **INSIGHT ENTERPRISES, INC.**<br>(14)  **AT&T INC.** and<br>(15)  **AT&T MOBILITY LLC.**<br><br>    Defendants. | **CIVIL ACTION NO. 6:10cv74**<br><br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which plaintiff, SmartPhone

Technologies LLC ("SmartPhone"), complains against defendants, Research In Motion

Corporation ("RIM"), Research In Motion Ltd. ("RIM Ltd."), Samsung Electronics Co.

Ltd. ("Samsung"), Samsung Electronics America, Inc. ("Samsung USA"), Samsung

Telecommunications America LLC ("Samsung Telecom"), Sanyo Electric Co., Ltd.

("Sanyo"), Sanyo Electronic Device (U.S.A.), Inc. ("Sanyo USA"), LG Electronics, Inc.

("LG"), LG Electronics USA, Inc. ("LG USA"), Motorola, Inc. ("Motorola"), Apple, Inc.

("Apple"), Pantech Wireless, Inc. ("Pantech"), Insight Enterprises, Inc. (Insight"), AT&T

Inc. ("AT&T") and AT&T Mobility LLC ("AT&T Mobile") as follows:

## THE PARTIES

1.      SmartPhone is a Texas limited liability company with its principal place of

business at 6136 Frisco Square Boulevard, Suite 400, Frisco, Texas 75034.

2.      On information and belief, RIM is a Delaware corporation with a principal

place of business at 122 W. John Carpenter Parkway, Suite 430, Irving, Texas 75039 and

does business in this judicial district by, among other things, committing jointly, directly

and/or indirectly the tort of patent infringement giving rise to this complaint.  RIM's

registered agent for service of process in Texas is CT Corporation System, 350 N. St.

Paul Street, Dallas, Texas 75201.

3.      On information and belief, RIM Ltd. is a Canadian corporation with a

principal place of business at 295 Phillip Street, Waterloo, Ontario N2L 3W8 Canada and

does business in this judicial district by, among other things, committing jointly, directly

and/or indirectly the tort of patent infringement giving rise to this complaint.  RIM Ltd.

may be served at its principal place of business at 295 Phillip Street, Waterloo, Ontario

N2L 3W8 Canada by International Registered Mail.

4.      Upon information and belief, Samsung is a Korean corporation with a

principal place of business at Samsung Main Building, 250 2-ka, Taepyuung-Ro, Chung-

Ku, Seoul, Korea and does business in this judicial district by, among other things,

committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint.  Samsung may be served in accordance with the terms of the Hague Convention at its principal place of business at Samsung Main Building, 250 2-ka, Taepyuung-Ro, Chung-Ku, Seoul, Korea.

5.      On information and belief, Samsung USA is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint.  Samsung USA's registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

6.      On information and belief, Samsung Telecom is a Delaware corporation with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. Samsung's registered agent for service of process in Texas is Corporation Service Company d/b/a CSC - Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7.      On information and belief, Sanyo is a Japanese corporation with a principal place of business at 2-5-5 Keihan-Hondori, Moriguchi-ku, Osaka 570-8677, Japan and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint.  Sanyo may be served in accordance with the terms of the Hague Convention at its principal place of business at 2-5-5 Keihan-Hondori, Moriguchi-ku, Osaka 570-8677, Japan.

8.     On information and belief, Sanyo USA is a Delaware corporation with its principal place of business at 2600 Network Boulevard, 6th Floor, Frisco, Texas 75034 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. Sanyo's registered agent for service of process in Texas is Prentice Hall Corporation, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

9.     Upon information and belief, LG is a Korean corporation with a principal place of business at LG Twin Towers 20, Yeouido-dong, Yeongdeunspo-gu, Seoul 150-721, Korea and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint.  LG may be served in accordance with the terms of the Hague Convention at its principal place of business at LG Twin Towers 20, Yeouido-dong, Yeongdeunspo-gu, Seoul 150-721, Korea.

10.     On information and belief, LG USA is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint.  LG USA's registered agent for service of process in Texas is United States Corporation Co., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11.     On information and belief, Motorola is a Delaware corporation with its principal place of business at 1303 East Algonquin Road, Schaumberg, Illinois 60196 and does business in this judicial district at 5000 Legacy Drive, Suite 325, Plano, Texas 75024, and by, among other things, committing directly and/or indirectly the tort of

patent infringement giving rise to this complaint.  Motorola's registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

12.     On information and belief, Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014 and does business in this judicial district at 6121 West Park Boulevard, Plano, Texas 75093, and by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint.  Apple's registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

13.     On information and belief, Pantech is a Georgia corporation with its principal place of business at 5607 Glenridge Drive, Atlanta, Georgia 30342 and does business in this judicial district by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint.  Pantech's registered agent for service of process is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.  Alternatively, Pantech may be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Pantech at its principal place of business at 5607 Glenridge Drive, Atlanta, Georgia 30342  via Certified Mail -- Return Receipt Requested.

14.     On information and belief Insight is a Delaware corporation with its principal place of business at 6829 South Harl Avenue, Tempe, Arizona 85283 and does and does business in this judicial district at 3480 Lotus Drive, Plano, Texas 75075 and by, among other things, committing jointly, directly and/or indirectly the tort of patent

infringement giving rise to this complaint.  Insight's registered agent for service of process is National Registered Agents, Inc., 638 North Fifth Avenue, Phoenix, Arizona 85003.  Alternatively, Insight may be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Insight at its principal place of business at 6829 South Harl Avenue, Tempe, Arizona 85283 via Certified Mail -- Return Receipt Requested.

15.    On information and belief, AT&T is a Delaware corporation with its principal place of business at 208 South Akard Street, Dallas, Texas 75202 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint.  AT&T's registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

16.    On information and belief, AT&T Mobile is a Delaware corporation with its principal place of business at Glenridge Highlands Two, 5565 Glenridge Connector, Atlanta, Georgia 30342 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint.  AT&T Mobile's registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

## JURISDICTION AND VENUE

17.    This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each defendant has purposely transacted business in this judicial district and has committed acts of joint, direct and/or indirect infringement in this judicial district.

19.     On information and belief, each defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (A) at least part of their infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in others persistent causes of conduct, and/or deriving substantial revenue from goods and services provided to persons and other entities in Texas and this judicial district.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,950,645)

20.     SmartPhone is the exclusive licensee of United States patent number 6,950,645, entitled "Power Conserving Intuitive Device Discovery Technique In A Bluetooth Environment" ("the '645 patent") with the right to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '645 patent is attached as Exhibit A.

21.     On information and belief, RIM and RIM Ltd. are jointly, directly and/or indirectly infringing at least one claim of the '645 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Curve 8520.  RIM and RIM Ltd. are thereby jointly and severally liable for infringement of the '645 patent pursuant to 35 U.S.C. § 271 and has thereby

caused damage and to SmartPhone, which infringement and damage will continue unless and until RIM and RIM Ltd. are enjoined.

22.     On information and belief, Samsung, Samsung Telecom and Samsung USA are jointly, directly and/or indirectly infringing at least one claim of the '645 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the OMNIA II smartphone. Samsung, Samsung Telecom and Samsung USA are thereby jointly and severally liable for infringement of the '645 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage and to SmartPhone, which infringement and damage will continue unless and until Samsung, Samsung Telecom and Samsung USA are enjoined.

23.     On information and belief, LG USA and LG are jointly, directly and/or indirectly infringing at least one claim of the '645 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the INCITE smartphone.  LG USA and LG  are thereby jointly and severally liable for infringement of the '645 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until LG USA and LG are enjoined.

24.     On information and belief, Motorola is directly and/or indirectly infringing at least one claim of the '645 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the

DROID smartphone.  Motorola is thereby liable for infringement of the '645 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Motorola is enjoined.

25.     On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '645 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Apple iPhone.  Apple is thereby liable for infringement of the '645 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Apple is enjoined.

26.     On information and belief, AT&T and AT&T Mobile are jointly, directly and/or indirectly infringing at least one claim of the '645 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the iPhone.  AT&T and AT&T Mobile are thereby jointly and severally liable for infringement of the '645 patent pursuant to 35 U.S.C. § 271 and have thereby caused damage to SmartPhone, which infringement and damage will continue unless and until AT&T and AT&T Mobile are enjoined.

27.     To the extent that facts learned in discovery show that any of the defendant's acts of infringement is or has been willful, SmartPhone reserves the right to request such a finding at time of trial.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 7,076,275)

28.     SmartPhone is the exclusive licensee of United States patent number 7,076,275, entitled "Method And System For Single-Step Enablement Of Telephony Functionality For A Portable Computer System" "the '275 patent") with the right to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '275 patent is attached as Exhibit B.

29.     On information and belief, RIM and RIM Ltd. are jointly, directly and/or indirectly infringing at least one claim of the '275 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Curve 8520.  RIM and RIM Ltd. are thereby jointly and severally liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until RIM and RIM Ltd. are enjoined.

30.     On information and belief, Samsung, Samsung Telecom and Samsung USA are jointly, directly and/or indirectly infringing at least one claim of the '275 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the OMNIA II smartphone. Samsung, Samsung Telecom and Samsung USA are thereby jointly and severally liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Samsung, Samsung Telecom and Samsung USA are enjoined.

31.     On information and belief, LG USA and LG are jointly, directly and/or indirectly infringing at least one claim of the '275 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the INCITE smartphone.  LG USA and LG  are thereby jointly and severally liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until LG USA and LG are enjoined.

32.     On information and belief, Motorola is directly and/or indirectly infringing at least one claim of the '275 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the DROID smartphone.  Motorola is thereby liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Motorola is enjoined.

33.     On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '275 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Apple iPhone.  Apple is thereby liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Motorola is enjoined.

34.     On information and belief, Pantech is directly and/or indirectly infringing at least one claim of the '275 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the MATRIX PRO smartphone.  Pantech is thereby liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Pantech is enjoined.

35.     On information and belief, AT&T and AT&T Mobile are jointly, directly and/or indirectly infringing at least one claim of the '275 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the iPhone.  AT&T and AT&T Mobile are thereby jointly and severally liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271 and have thereby caused damage to SmartPhone, which infringement and damage will continue unless and until AT&T and AT&T Mobile are enjoined.

36.     To the extent that facts learned in discovery show that any of the defendant's acts of infringement is or has been willful, SmartPhone reserves the right to request such a finding at time of trial.

**COUNT III**
(INFRINGEMENT OF U.S. PATENT NO. 5,742,905)

37.     SmartPhone is the exclusive licensee of United States patent number 5,742,905, entitled "Personal Communications Internetworking" ("the '905 patent") with the right to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '905 patent is attached as Exhibit D.

38.     On information and belief, RIM and RIM Ltd. are jointly, directly and/or indirectly infringing at least one claim of the '905 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the BOLD 9700 smartphone.  RIM and RIM Ltd. are thereby jointly and severally liable for infringement of the '905 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until RIM and RIM Ltd. are enjoined.

39.     On information and belief, Samsung, Samsung Telecom and Samsung USA are jointly, directly and/or indirectly infringing at least one claim of the '905 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the OMNIA II and INSTINCT smartphones.  Samsung, Samsung Telecom and Samsung USA are thereby jointly and severally liable for infringement of the '905 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Samsung, Samsung Telecom and Samsung USA are enjoined.

40.     On information and belief, Motorola is directly and/or indirectly infringing at least one claim of the '905 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the CLIQ smartphone.  Motorola is thereby liable for infringement of the '905 patent pursuant to 35

U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Motorola is enjoined.

41.     To the extent that facts learned in discovery show that any of the defendant's acts of infringement is or has been willful, SmartPhone reserves the right to request such a finding at time of trial.

## COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 7,506,064)

42.     SmartPhone is the exclusive licensee of United States patent number 7,506,064, entitled "Handheld Computer System That Attempts To Establish An Alternative Network Link Upon Failing To Establish A Requested Network Link" ("the '064 patent") with the right to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '064 patent is attached as Exhibit D.

43.     On information and belief, RIM and RIM Ltd. are jointly, directly and/or indirectly infringing at least one claim of the '064 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Curve 8320.  RIM and RIM Ltd. are thereby jointly and severally liable for infringement of the '064 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until RIM and RIM Ltd. are enjoined.

44.     On information and belief, Samsung, Samsung Telecom and Samsung USA are jointly, directly and/or indirectly infringing at least one claim of the '064 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized

communications devices including without limitation the OMNIA II smartphone. Samsung, Samsung Telecom and Samsung USA are thereby jointly and severally liable for infringement of the '064 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Samsung, Samsung Telecom and Samsung USA are enjoined.

45.     On information and belief, Motorola is directly and/or indirectly infringing at least one claim of the '064 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the DROID smartphone.  Motorola is thereby liable for infringement of the '064 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Motorola is enjoined.

46.     On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '064 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Apple iPhone.  Apple is thereby liable for infringement of the '064 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Apple is enjoined.

47.     On information and belief, AT&T and AT&T Mobile are directly and/or indirectly infringing at least one claim of the '064 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including

15

without limitation the iPhone.  AT&T and AT&T Mobile are thereby jointly and

severally liable for infringement of the '064 patent pursuant to 35 U.S.C. § 271 and have

thereby caused damage to SmartPhone, which infringement and damage will continue

unless and until AT&T and AT&T Mobile are enjoined.

   48. To the extent that facts learned in discovery show that any of the

defendant's acts of infringement is or has been willful, SmartPhone reserves the right to

request such a finding at time of trial.

**COUNT V**

(INFRINGEMENT OF U.S. PATENT NO. 6,533,342)

   49. SmartPhone is the exclusive licensee of United States patent number

6,533,342, entitled "System And Method Of A Personal Computer Device Providing

Telephone Capability" "the '342 patent") with the right to sue and recover damages for

the past and future infringement thereof.  A true and correct copy of the '342 patent is

attached as Exhibit E.

   50. On information and belief, RIM and RIM Ltd. are jointly, directly and/or

indirectly infringing at least one claim of the '342 patent in this judicial district and

elsewhere in Texas and the United States by, among other things, making, using, offering

for sale, selling and/or importing computerized communications devices including

without limitation the STORM smartphone.  RIM and RIM Ltd. are thereby jointly and

severally liable for infringement of the '342 patent pursuant to 35 U.S.C. § 271 and has

thereby caused damage to SmartPhone, which infringement and damage will continue

unless and until RIM and RIM Ltd. are enjoined.

   51. On information and belief, Samsung, Samsung Telecom and Samsung

USA are jointly, directly and/or indirectly infringing at least one claim of the '342 patent

16

in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the OMNIA II smartphone. Samsung, Samsung Telecom and Samsung USA are thereby jointly and severally liable for infringement of the '342 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Samsung, Samsung Telecom and Samsung USA are enjoined.

52.     On information and belief, Sanyo and Sanyo USA are jointly, directly and/or indirectly infringing at least one claim of the '342 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the INCOGNITO smartphone.  Sanyo and Sanyo USA are thereby jointly and severally liable for infringement of the '342 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Sanyo and Sanyo USA are enjoined.

53.     On information and belief, LG USA and LG are jointly, directly and/or indirectly infringing at least one claim of the '342 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the INCITE smartphone.  LG USA and LG  are thereby jointly and severally liable for infringement of the '342 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until LG USA and LG are enjoined.

54.     On information and belief, Motorola is directly and/or indirectly infringing at least one claim of the '342 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the DROID smartphone.  Motorola is thereby liable for infringement of the '342 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Motorola is enjoined.

55.     On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '342 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Apple iPhone.  Apple is thereby liable for infringement of the '342 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Apple is enjoined.

56.     On information and belief, Pantech is directly and/or indirectly infringing at least one claim of the '342 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the MATRIX PRO smartphone.  Pantech is thereby liable for infringement of the '342 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Pantech is enjoined.

57.     On information and belief, AT&T and AT&T Mobile are directly and/or indirectly infringing at least one claim of the '342 patent in this judicial district and

elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the iPhone.  AT&T and AT&T Mobile are thereby jointly and severally liable for infringement of the '342 patent pursuant to 35 U.S.C. § 271 and have thereby caused damage to SmartPhone, which infringement and damage will continue unless and until AT&T and AT&T Mobile are enjoined.

58.     To the extent that facts learned in discovery show that any of the defendant's acts of infringement is or has been willful, SmartPhone reserves the right to request such a finding at time of trial.

### COUNT VI
(INFRINGEMENT OF U.S. PATENT NO. 6,711,609)

59.     SmartPhone is the exclusive licensee of United States patent number 6,711,609, entitled "Method And Apparatus For Synchronizing An Email Client On A Portable Computer System With An Email Client On A Desktop Computer" ("the '609 patent") with the right to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '609 patent is attached as Exhibit F.

60.     On information and belief, RIM and RIM Ltd. are jointly, directly and/or indirectly infringing at least one claim of the '609 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Blackberry Enterprise Server.  RIM and RIM Ltd. are thereby jointly and severally liable for infringement of the '609 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until RIM and RIM Ltd. are enjoined.

61.     On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '609 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Apple MobileMe.  Apple is thereby liable for infringement of the '609 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Apple is enjoined.

62.     On information and belief, Insight is directly and/or indirectly infringing at least one claim of the '609 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Blackberry Exchange Server.  Insight is thereby liable for infringement of the '609 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Insight is enjoined.

63.     To the extent that facts learned in discovery show that any of the defendant's acts of infringement is or has been willful, SmartPhone reserves the right to request such a finding at time of trial.

## COUNT VII
### (INFRINGEMENT OF U.S. PATENT NO. RE. 40,459)

64.     SmartPhone is the exclusive licensee of United States reissue patent number 40,459, entitled "Method And Apparatus For Communicating Information Over Low Bandwidth Communications Networks" ("the '459 patent") with the right to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '459 patent is attached as Exhibit G.

65.     On information and belief, RIM and RIM Ltd. are jointly, directly and/or indirectly infringing at least one claim of the '459 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Curve 8520.  RIM and RIM Ltd. are thereby jointly and severally liable for infringement of the '459 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until RIM and RIM Ltd. are enjoined.

66.     On information and belief, Samsung, Samsung Telecom and Samsung USA are jointly, directly and/or indirectly infringing at least one claim of the '459 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the OMNIA II smartphone. Samsung, Samsung Telecom and Samsung USA are thereby jointly and severally liable for infringement of the '459 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Samsung, Samsung Telecom and Samsung USA are enjoined.

67.     On information and belief, LG USA and LG are jointly, directly and/or indirectly infringing at least one claim of the '459 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the INCITE smartphone.  LG USA and LG  are thereby jointly and severally liable for infringement of the '459 patent pursuant to 35 U.S.C. § 271 and has

thereby caused damage to SmartPhone, which infringement and damage will continue unless and until LG USA and LG are enjoined.

68.     On information and belief, Motorola is directly and/or indirectly infringing at least one claim of the '459 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the DROID smartphone.  Motorola is thereby liable for infringement of the '459 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Motorola is enjoined.

69.     On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '459 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Apple iPhone.  Apple is thereby liable for infringement of the '459 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Apple is enjoined.

70.     On information and belief, Pantech is directly and/or indirectly infringing at least one claim of the '459 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the MATRIX PRO smartphone.  Pantech is thereby liable for infringement of the '459 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Pantech is enjoined.

71.     On information and belief, AT&T and AT&T Mobile are directly and/or indirectly infringing at least one claim of the '459 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the iPhone.  AT&T and AT&T Mobile are thereby jointly and severally liable for infringement of the '459 patent pursuant to 35 U.S.C. § 271 and have thereby caused damage to SmartPhone, which infringement and damage will continue unless and until AT&T and AT&T Mobile are enjoined.

72.     To the extent that facts learned in discovery show that any of the defendant's acts of infringement is or has been willful, SmartPhone reserves the right to request such a finding at time of trial.

### PRAYER FOR RELIEF

Wherefore, SmartPhone respectfully requests that this Court enter:

A.     A judgment in favor of SmartPhone that each defendant has infringed the '645, '275, '905, '064, '342 '609 and '459 patents as aforesaid and that such infringement was willful;

B.     A permanent injunction enjoining each defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct, indirect and or joint infringement of the '645, '275, '905, '064, '342, '609 and '459 patents as aforesaid pursuant to 35 U.S.C. § 283;

C.      A judgment and order requiring each defendant to pay SmartPhone its

damages, including enhanced damages, costs and expenses, together with pre- and post-

judgment interest thereon pursuant to 35 U.S.C. § 284;

D.      A judgment and order finding that this is an exceptional case and awarding

SmartPhone its reasonable attorneys fees pursuant to 35 U.S.C. § 285, and

E.      Any and all further relief to which the Court may deem SmartPhone

entitled.

## DEMAND FOR JURY TRIAL

SmartPhone requests a trial by jury on all issues so triable by right pursuant to

Fed. R. Civ. P. 38.

Respectfully submitted,

**SMARTPHONE TECHNOLOGIES
LLC**

Date: March 3, 2010                    By: _____
                                       T. John Ward, Jr.
                                       Texas State Bar. No. 00794818
                                       J. Wesley Hill
                                       Texas State Bar. No. 24032294
                                       **WARD & SMITH LAW FIRM**
                                       P.O. Box 1231
                                       Longview, Texas 75601
                                       Tel: (903) 757-6400
                                       Fax: (903) 757-2323
                                       Email: jw@jwfirm.com
                                       Email: wh@jwfirm.com

                                       **Attorneys for Plaintiff
                                       SmartPhone Technologies, Inc.**

Of counsel:

Paul J. Hayes
Dean G. Bostock
**MINTZ, LEVIN, COHN, FERRIS,**
   **GLOVSKY and POPEO, P.C.**
One Financial Center
Boston, Massachusetts 02111
Tel: (617) 542-6000
Fax: (617) 542-2241