**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SMARTPHONE TECHNOLOGIES LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 6:10-cv-74-LED |
| (1)  RESEARCH IN MOTION CORP., | ) | Jury Trial Demanded |
| (2)  RESEARCH IN MOTION LTD., | ) | |
| (3)  SAMSUNG ELECTRONICS CO. LTD., | ) | Patent Case |
| (4)  SAMSUNG ELECTRONICS AMERICA, INC., | ) ) | |
| (5)  SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | ) ) | Judge Leonard E. Davis |
| (6)  SANYO ELECTRIC CO., LTD., | ) | |
| (7)  SANYO ELECTRONIC DEVICE (U.S.A.), INC., | ) ) | |
| (8)  LG ELECTRONICS, INC., | ) | |
| (9)  LG ELECTRONICS USA, INC., | ) | |
| (10) MOTOROLA, INC., | ) | |
| (11) APPLE INC., | ) | |
| (12) PANTECH WIRELESS, INC., | ) | |
| (13) INSIGHT ENTERPRISES, INC., | ) | |
| (14) AT&T INC., and | ) | |
| (15) AT&T MOBILITY LLC, | ) ) | |
| Defendants. | ) ) | |

**DEFENDANT APPLE INC.'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
AND FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND ................................................................................................. 1

    A.    The Parties ................................................................................................ 1

    B.    The Complaint .......................................................................................... 2

III.  ARGUMENT ...................................................................................................... 3

    A.    Smartphone Lacks Standing To Bring Its Patent Infringement Claims, And The Complaint Should Accordingly Be Dismissed ................................................. 3

        1.    Applicable Law ................................................................................ 4

        2.    The Allegations Contained in the Complaint Fail to Establish SmartPhone's Standing to Bring Suit ................................................. 5

    B.    The Complaint Fails To Plead Any Facts Supporting The Indirect Infringement Claims, And These Claims Should Be Dismissed ........................... 8

        1.    Applicable Law ................................................................................ 8

        2.    The Indirect Infringement Claims Lack Any Factual Basis ..................... 9

    C.    The Complaint's Unsupported Request For A Judgment Of Willful Infringement And Permanent Injunction Should Be Stricken ........................... 11

        1.    Willfulness .................................................................................... 11

        2.    Injunctive Relief............................................................................ 14

IV.   CONCLUSION................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*,
No. 09-cv-1360, 2009 WL 1974602 (N.D. Cal. July 8, 2009) ...............................................10

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009).................................................................................................12, 13, 14

*Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*,
No. 6:09-cv-269-LED, Dkt. No. 189 (E.D. Tex. Mar. 29, 2010) (Davis, J.)....................10, 13

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)...........................................................................................................12

*Bowens v. Fed. Bureau of Prisons*,
No. 1:04-cv-688, 2005 WL 3133475 (E.D. Tex. Nov. 23, 2005).........................................3, 4

*C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*,
911 F.2d 670 (Fed. Cir. 1990).................................................................................................9

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006) (*en banc*) .............................................................................9

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)...............................................................................................................14

*Elan Microelectronics Corp. v. Apple Inc.*,
No. 09-cv-1531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009)...............................................8

*Evident Corp. v. Church & Dwight Co.*,
399 F.3d 1310 (Fed. Cir. 2005).................................................................................................4

*F5 Networks, Inc. v. A10 Networks, Inc.*,
No. 07-cv-1927, 2008 U.S. Dist. LEXIS 31319 (W.D. Wa. Mar. 10, 2008)..........................12

*FotoMedia Techs., LLC v. AOL, LLC*,
2008 U.S. Dist. LEXIS 109403 (E.D. Tex. Aug. 28, 2008) (Everingham, Mag.)..................13

*Global Patent Holdings, LLC v. Panthers BRHC LLC*,
586 F. Supp. 2d 1331 (S.D. Fla. 2008) ................................................................................10

*Hewlett-Packard Co. v. Bausch & Lomb, Inc.*,
909 F.2d 1464 (Fed. Cir. 1990).................................................................................................9

*Home Builders Ass'n of Miss., Inc. v. City of Madison*,
   143 F.3d 1006 (5th Cir. 1998) ...................................................................3

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007)...................................................11, 12, 13

*IP Innovation L.L.C. v. Google, Inc.*,
   661 F. Supp. 2d 659 (E.D. Tex. 2009) (Davis, J.) ...........................4, 5, 6

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992).......................................................................................4

*Manville Sales Corp. v. Paramount Systems, Inc.*,
   917 F.2d 544 (Fed. Cir. 1990).....................................................................9

*Markman v. Westview Instruments, Inc.*,
   52 F.3d 967 (Fed. Cir. 1995)......................................................................11

*Menchaca v. Chrysler Credit Corp.*,
   613 F.2d 507 (5th Cir. 1980) ......................................................................4

*MHL TEK, LLC v. Nissan Motor Co.*,
   No. 2:07-cv-289, 2009 U.S. Dist. LEXIS 102766 (E.D. Tex. Nov. 4, 2009) (Ward, J.)...........3

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007)...........................................................4, 5, 6, 7

*Ortho Pharm. Corp. v. Genetics Inst.*,
   52 F.3d 1026 (Fed. Cir. 1995)..................................................................6, 8

*PA Advisors v. Google, Inc.*,
   No. 2:07-cv-480, 2008 WL 4136426 (E.D. Tex. Aug. 8, 2008) (Folsom, J.)........................10

*Paterson v. Weinberger*,
   644 F.2d 521 (5th Cir. 1981) ......................................................................3

*Prima Tek II, L.L.C. v. A-Roo Co.*,
   222 F.3d 1372 (Fed. Cir. 2000).................................................................6

*Rambus, Inc. v. NVIDIA Corp.*,
   2008 U.S. Dist. LEXIS 95168 (N.D. Cal. Nov. 13, 2008)....................................13

*Read Corp. v. Portec, Inc.*,
   970 F.2d 816 (Fed. Cir. 1992).....................................................................11

*Sharafabadi v. Univ. of Idaho*,
   No. 09-cv-1043, 2009 WL 4432367 (W.D. Wash. Nov. 27, 2009)........................10

*Sicom Sys. v. Agilent Techs., Inc.*,
 427 F.3d 971 (Fed. Cir. 2005)...................................................................4, 6, 7

*Triune Star, Inc. v. Walt Disney Co.*,
 No. 07-cv-1256, 2008 WL 3849913 (C.D. Ill. Aug. 14, 2008) ...............................10

*Universal Elecs., Inc. v. Zenith Elecs. Corp.*,
 846 F. Supp. 641 (N.D. Ill. 1994) ........................................................................9

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*,
 944 F.2d 870 (Fed. Cir. 1991)................................................................................5

*Vita-Mix Corp. v. Basic Holding, Inc.*,
 581 F.3d 1317 (Fed. Cir. 2009)..............................................................................9

*Williamson v. Tucker*,
 645 F.2d 404 (5th Cir. 1981) .................................................................................3

## STATUTES

35 U.S.C. § 271...................................................................................................14

35 U.S.C. § 271(c)................................................................................................8

35 U.S.C. §§ 284, 285..........................................................................................11

## OTHER AUTHORITIES

Fed. R. Civ. P. 8(a)(2)........................................................................................12

Fed. R. Civ. P. 9(b) ...........................................................................................12

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ...........................................................1, 3, 8

Fed. R. Civ. P. 12(f)........................................................................................1, 11

## I.       INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Apple Inc. hereby moves to dismiss Plaintiff SmartPhone Technologies LLC's Complaint for lack of standing and lack of subject matter jurisdiction.   Apple further moves to dismiss the Complaint's unsupported indirect infringement claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.   Finally, Apple moves to strike the Complaint's unsupported willful infringement and permanent injunction allegations pursuant to Fed. R. Civ. P. 12(f).   Apple's motion should be granted for the following reasons:

- *First*, the Complaint fails to set forth sufficient factual allegations demonstrating that SmartPhone has standing to bring this patent infringement action.   Even if the statements contained in the Complaint are assumed to be true, SmartPhone's allegation that it is an "exclusive licensee," with the "right to sue and recover damages," is insufficient to confer constitutional and prudential standing.   As courts have made clear, SmartPhone must have "all substantial rights" to the patents-in-suit, including requisite exclusionary rights, in order to have standing and be permitted to sue in its own name.   The Complaint fails to allege or demonstrate such standing and must therefore be dismissed.

- *Second*, the Complaint's indirect infringement claims are conclusory and are not supported by any factual allegations concerning the requisite knowledge, intent or direct infringers targeted by these claims.   This Court recently rejected such conclusory allegations in *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, and numerous other courts have routinely dismissed such claims in light of the pleading requirements set forth in *Twombly* and *Iqbal*.   Dismissal of these claims is appropriate here.

- *Third*, the Complaint seeks a judgment for willful infringement, enhanced damages, attorneys' fees, a finding of an exceptional case, and a permanent injunction — all without any factual allegations in support.   While the Federal Circuit in *Seagate* made clear that willful infringement requires objectively reckless conduct, the Complaint does not include any allegations addressing the purported conduct at issue here and admits that discovery is required to develop a basis for willfulness.   The Complaint similarly offers no factual allegations in support of its request for an injunction, notwithstanding the U.S. Supreme Court's mandate in *eBay* that patent holding companies, like SmartPhone here, must demonstrate irreparable harm, in order to be entitled to injunctive relief.   The unsupported willfulness and injunction allegations should therefore be stricken.

## II.      BACKGROUND

### A.       The Parties

SmartPhone Technologies LLC is a patent holding company and the purported "exclusive licensee" of the seven patents-in-suit.   (*See, e.g.*, Compl. ¶ 20.)   The apparent owner and

assignee, as named on the face of the patents-in-suit, is "PalmSource, Inc., Sunnyvale, CA." (Compl., Exs. A-G.)   Though PalmSource apparently owns the patents, it is not joined as a plaintiff in this action.

Apple Inc. is a California corporation, based in Cupertino, California.  Apple is a leading consumer technology company.   Additional information about Apple is available at: www.apple.com.

### B.      The Complaint

The Complaint asserts seven counts of patent infringement, one for each patent-in-suit.[1] Count I of the Complaint, for example, recites in relevant part:

> SmartPhone is the exclusive licensee of United States patent number 6,950,645, entitled "Power Conserving Intuitive Device Discovery Technique In A Bluetooth Environment" ("the '645 patent") with the right to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '645 patent is attached as Exhibit A.

(Compl. ¶ 20.)  SmartPhone makes a similar allegation for each remaining count and patent-in-suit, alleging in each instance that it is the "exclusive licensee" of the asserted patent, "with the right to sue and recover damages for the past and future infringement thereof."  (*See, e.g.*, Compl. ¶ 28.)  The Complaint does not set forth any further allegations concerning the alleged exclusive license or any other rights that SmartPhone may have allegedly received under the license.

For each count against Apple, the Complaint alleges, "[o]n information and belief, Apple is directly and/or indirectly infringing at least one claim" of the asserted patent.  (*See, e.g.*, Compl. ¶ 25.)  Each of these counts concludes with the statement that "infringement and damage will continue unless and until Apple is enjoined," (*see, e.g.*, Compl. ¶ 25), and identifies Apple's

---

[1]      SmartPhone asserts only six of the seven patents-in-suit against Apple.  SmartPhone has not accused Apple of infringing U.S. Pat. No. 5,742,905, asserted against the other defendants as Count III in the Complaint.

iPhone and MobileMe devices as the accused products, (*see, e.g.*, Compl. ¶¶ 25, 61).   No additional facts are set forth in support of these allegations.

The Complaint concludes with a Prayer for Relief that seeks a judgment against all defendants for willful infringement, enhanced damages, attorneys' fees, a finding of an exceptional case, and a permanent injunction.   Notwithstanding the request for willful infringement, SmartPhone admits throughout the Complaint that it has no factual basis to allege willful infringement, and must rely exclusively on facts learned during discovery in order to do so.   (*See* Compl. ¶¶ 27, 36, 48, 58, 63, 72.)   No additional facts are alleged in support of the requested relief.

## III.   ARGUMENT

### A.   Smartphone Lacks Standing To Bring Its Patent Infringement Claims, And The Complaint Should Accordingly Be Dismissed

The Complaint should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), as the Complaint fails to demonstrate that SmartPhone has standing to bring this action.   Subject matter jurisdiction may be challenged in two separate ways: facially and factually.[2]   *Williamson*, 645 F.2d at 412; *MHL TEK, LLC v.*

---

[2]   A ***facial*** challenge is akin to a Rule 12(b)(6) motion, requiring a court to merely determine if the plaintiff's complaint sufficiently alleges jurisdiction; all allegations in the complaint are assumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981); *Bowens v. Fed. Bureau of Prisons*, No. 1:04-cv-688, 2005 WL 3133475, at *3 (E.D. Tex. Nov. 23, 2005).   A motion to dismiss based upon a facial attack "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."   *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In contrast, ***factual*** challenges are directed to whether the court has, in fact, subject matter jurisdiction, and evidence outside of the pleadings is considered.  *Williamson*, 645 F.2d at 413; *Bowens*, 2005 WL 3133475, at *3.   Unlike a facial attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims" in a factual challenge. *Williamson*, 645 F.2d at 413.   Instead, the plaintiff has the burden of proving by a preponderance of the evidence that the trial court has subject matter jurisdiction.  *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

*Nissan Motor Co.*, No. 2:07-cv-289, 2009 U.S. Dist. LEXIS 102766, at *12 (E.D. Tex. Nov. 4, 2009) (Ward, J.); *Bowens*, 2005 WL 3133475, at *3.   For purposes of this motion, Apple challenges subject matter jurisdiction on the face of the Complaint, and reserves its right to present a factual challenge to subject matter jurisdiction at a later stage, if necessary.

### 1. Applicable Law

A federal court lacks subject matter jurisdiction over a cause of action if the plaintiff fails to satisfy either constitutional or prudential standing requirements.  *IP Innovation L.L.C. v. Google, Inc.*, 661 F. Supp. 2d 659, 662-63 (E.D. Tex. 2009) (Davis, J.).  As the party invoking the court's subject matter jurisdiction, the plaintiff bears the burden of showing that it has standing to bring suit, under both requirements.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980); *Sicom Sys. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005).

To satisfy constitutional standing requirements, a plaintiff must demonstrate injury in fact, traceability, and redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  In the patent infringement context, only a plaintiff with exclusionary rights to a patent suffers injury in fact sufficient to satisfy constitutional standing.  *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007).  If a party has constitutional standing but lacks prudential standing, it cannot bring a patent infringement action in its own name; rather, it can only sue as a co-plaintiff with the patentee.  *Id.* at 1340; *Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310, 1314 (Fed. Cir. 2005).  Parties that hold these exclusionary rights are often identified as "exclusive licensees," as the grant of an exclusive license usually carries with it the right to prevent others from practicing the invention at issue.  However, to properly determine whether a party holds the exclusionary rights necessary to satisfy constitutional standing, a court must focus on the rights that have been ***actually conferred***, ***not the label*** associated with those rights, as the Federal Circuit has made clear.  *See, e.g.*, *Morrow*, 499 F.3d at 1340 & n.7.

To satisfy the prudential standing requirement, a party must hold "all substantial rights" to the patent at issue.  *IP Innovation*, 661 F. Supp. 2d at 663.  Rights that have been recognized by the Federal Circuit as "substantial rights" include the right to enforce the patent and exclude others, the right to indulge infringers through a license or otherwise, the right to settle or veto litigation, the right to share in enforcement proceeds, and the right to transfer.  *Id.*; *Morrow*, 499 F.3d at 1341-42.

### 2. The Allegations Contained in the Complaint Fail to Establish SmartPhone's Standing to Bring Suit

The Complaint's allegations are insufficient as a matter of law to demonstrate that SmartPhone has met, or can meet, the constitutional and prudential standing requirements.

### a. Constitutional standing

The Complaint's allegations fail to address whether (let alone demonstrate that) SmartPhone has the requisite exclusionary rights necessary to confer constitutional standing. *First*, SmartPhone's allegation that it is an "exclusive licensee" is insufficient, as a matter of law. As the Federal Circuit has made clear, although parties with exclusionary rights are often identified as "exclusive licensees," the relevant inquiry concerns the nature and substance of the rights conferred, not how those rights are labeled.  *Morrow*, 499 F.3d at 1340 & n.7 ("But in determining whether a party holds the exclusionary rights, we determine the substance of the rights conferred on that party, not to the characterization of those rights as exclusive licenses or otherwise.") (citing *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875 (Fed. Cir. 1991)).  Thus, the allegation that SmartPhone may be an "exclusive licensee" does not address whether SmartPhone actually holds the requisite exclusionary rights.

*Second*, the Complaint's allegation that SmartPhone has the right to sue for infringement is also insufficient as a matter of law to establish exclusionary rights.  The Federal Circuit has held that the right to sue alone, may be insufficient, as that right can be separate and distinct from

a patent's exclusionary rights. *Morrow*, 499 F.3d at 1341 ("Moreover, [the plaintiff's] control with respect to infringement litigation does not lead to the conclusion that [the plaintiff] suffers injury in fact from infringement."); *Ortho Pharm. Corp. v. Genetics Inst.*, 52 F.3d 1026, 1034 (Fed. Cir. 1995) ("[A] right to sue clause cannot negate the requirement that, for co-plaintiff standing, a licensee must have beneficial ownership of some of the patentee's proprietary rights.").  Without more, SmartPhone's purported right to sue falls short of the requisite exclusionary rights necessary to confer constitutional standing.[3]

As a result, the Complaint's mere allegations that SmartPhone is an "exclusive licensee," with "the right to sue and recover damages" are insufficient as a matter of law and fail to demonstrate that SmartPhone has the requisite exclusionary rights necessary to confer constitutional standing.

### b. Prudential standing

The Complaint's allegations are also insufficient as a matter of law to demonstrate that SmartPhone has the requisite prudential standing necessary to bring this action in its own name. Assuming only for the purpose of the prudential standing analysis that SmartPhone has the requisite "exclusionary rights" necessary to confer constitutional standing, the Complaint fails to allege that SmartPhone holds "all substantial rights" to the patents-in-suit, as required.  *See, e.g.*, *IP Innovation*, 661 F. Supp. 2d at 663.  The only right mentioned in the Complaint is "the right

---

[3]      Without the terms of the alleged licensing arrangement, the Complaint is deficient and fails to demonstrate that SmartPhone actually has the requisite exclusionary rights.  While SmartPhone could have attached the alleged licensing agreements to the Complaint, it elected not to do so.  Nevertheless, the Federal Circuit has recognized that there is no substitute for the actual licensing agreement(s), as a court must make its determination in view of the substance of the rights conveyed.  *See, e.g.*, *Sicom Sys.* 427 F.3d at 979 ("Each license and assignment is unique, therefore this court 'must ascertain the intention of the parties and examine the substance of what the licensing agreement granted' to determine if it conveys all of the substantial rights in the patent and is sufficient to grant standing to the licensee.") (citing *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1378 (Fed. Cir. 2000)).

to sue and recover damages." (*See, e.g.*, Compl. ¶ 20.)  There are no allegations concerning other rights that would confer prudential standing, such as the right to permit infringement, the right to settle or veto litigation, and the right to transfer its interests, among others. *See Morrow*, 499 F.3d at 1341-43.

Without such rights, the Federal Circuit has held that plaintiffs, like SmartPhone, are not in possession of all substantial rights necessary to confer prudential standing.  For example, "[i]n *Sicom*, [the Federal Circuit] held that *Sicom* lacked all substantial rights [necessary for a plaintiff to sue in its own name] because it did not have the right to settle litigation it initiated without prior written consent of the licensor, even though it had the right to sue and an exclusive license to the patent." *Morrow*, 499 F.3d at 1341-42 (citing *Sicom Sys.*, 427 F.3d at 979).  The Federal Circuit in *Sicom* also noted that the plaintiff lacked sublicensing and assignment rights as further support for its holding that the plaintiff lacked all substantial rights. *Id.*

Here, nothing in the Complaint supports a finding that SmartPhone possesses all substantial rights to any of the patents-in-suit.  Thus, even assuming that SmartPhone has alleged a basis for constitutional standing (which it has not), the Complaint fails to demonstrate that SmartPhone has the prudential standing necessary to bring this action in its own name.

In the end, SmartPhone's Complaint leaves defendants guessing as to whether SmartPhone genuinely has sufficient rights to confer standing.  SmartPhone's Complaint fails to eliminate a variety of circumstances in which SmartPhone would lack standing, each of which would have real consequences for the prosecution and defense of this action.  In essence, permitting SmartPhone to proceed would allow an "exclusive licensee" in name only, with merely an alleged right to sue, to improperly maintain an action without pleading or demonstrating a sufficient ownership interest or requisite exclusionary rights. *Morrow*, 499 F.3d at 1340 & n.7 ("exclusive licensee" label and "right to sue" alone insufficient); *id.* at 1341-43

(requisite exclusionary rights include the rights to permit infringement, veto or settle litigation, and transfer interests); *Ortho Pharm. Corp.*, 52 F.3d at 1034 (beneficial ownership interest required for co-plaintiff standing).  The case law clearly requires more, and the Complaint should be dismissed under Rules 12(b)(1) and 12(b)(6).

> **B.    The Complaint Fails To Plead Any Facts Supporting The Indirect**
> **Infringement Claims, And These Claims Should Be Dismissed**

SmartPhone's indirect infringement claims are conclusory and unsupported by any facts, and therefore require dismissal.[4]  For each count, the Complaint recites the following and nothing more:  "On information and belief, Apple is directly and/or indirectly infringing at least one claim of the '645 patent."  (Compl. ¶ 25.)  There are no facts to support any of the elements that must be established for an indirect infringement claim.  Courts have routinely dismissed such conclusory allegations, particularly in the context of indirect infringement claims.  *See, e.g., Elan Microelectronics Corp. v. Apple Inc.*, No. 09-cv-1531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) (dismissing conclusory allegations that "Elan 'has been and is currently, directly and/or indirectly infringing'" and confirming that allegations of indirect infringement claims must be supported by facts).

> **1.    Applicable Law**

Indirect infringement encompasses both contributory infringement and induced infringement.  Contributory infringement requires the sale, or offer for sale, of "a ***component*** of a patented machine . . . constituting a material part of the invention, ***knowing*** the same to be especially made or especially adapted for use in an infringement of such patent . . . ."  35 U.S.C. § 271(c) (emphasis added).  The component must be ***especially adapted*** for use in the allegedly infringing product or process, and it cannot have ***substantial non-infringing uses***.  *See, e.g.,*

---

[4]    The Complaint also alleges joint infringement against a number of the other defendants that have parent-subsidiary relationships.  The only Apple entity named in this lawsuit is Apple Inc., and no claim for joint infringement has been brought against Apple.

*Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (no contributory infringement where substantial non-infringing uses); *see also Universal Elecs., Inc. v. Zenith Elecs. Corp.*, 846 F. Supp. 641, 651-52 (N.D. Ill. 1994) (same; citing *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 674 (Fed. Cir. 1990)).

Induced infringement, in turn, requires that the defendant ***actively encourage*** the alleged infringement by, for example, providing a direct infringer with ***instructions*** or directions for conducting the alleged infringing acts.  *See, e.g.*, *Vita-Mix Corp.*, 581 F.3d at 1328.  Specific ***intent*** to cause the alleged infringing acts is also necessary, which requires "'[a] showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements.'  The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*) (quoting *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 554 (Fed. Cir. 1990)).  As with contributory infringement, induced infringement requires ***identification of a direct infringer***.  *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990).

### 2.     The Indirect Infringement Claims Lack Any Factual Basis

With respect to indirect infringement, the Complaint merely alleges that Apple is "indirectly infringing" the patents-in-suit and nothing more.  The Complaint thus offers no factual support for any of the critical elements necessary to support a contributory or induced infringement claim.  For example, the Complaint fails to identify:

- ***any component*** that Apple has sold or offered to sell, and any facts demonstrating that there are no substantial non-infringing uses, as required for contributory infringement claims;

- any facts supporting the requisite ***knowledge*** for contributory infringement claims;

- any facts supporting whether and how Apple actively encouraged the specific alleged infringing acts, as required for induced infringement claims;

- any facts supporting the requisite **intent** for induced infringement claims; and

- any **direct infringers**, which are required to support all indirect infringement claims.

Without a recitation of any factual allegations, or even an acknowledgement of the elements of an indirect infringement claim, SmartPhone's Complaint is deficient, as a matter of law. This Court recently dismissed a similar set of indirect infringement claims in *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 6:09-cv-269-LED, Dkt. No. 189 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (finding "some greater specificity is required here" and granting the defendant's motion to dismiss direct and indirect infringement claims) (copy attached as Ex. A, Randall Decl.). In *Bedrock*, the Court reasoned that these claims were deficient, like those here, as they were not supported by the requisite facts necessary to support such a claim. *Bedrock*, Dkt. No. 189 at 5 ("As to its indirect infringement claims, Bedrock also does not identify any accused products or services, nor does Bedrock expressly identify a direct infringer.").

Similarly, other courts have held that unsupported indirect infringement claims fail to satisfy the pleading standards set forth in *Twombly* and *Iqbal*, and routinely dismiss claims like those here. *See, e.g., Sharafabadi v. Univ. of Idaho*, No. 09-cv-1043, 2009 WL 4432367, at *5 (W.D. Wash. Nov. 27, 2009) (dismissing indirect infringement claims where the complaint failed to allege any facts concerning the defendant's knowledge or how the defendant induced or contributed to another party's infringement); *PA Advisors v. Google, Inc.*, No. 2:07-cv-480, 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8, 2008) (Folsom, J.) (granting motion for more definite statement and requiring the plaintiff to generally identify the group of direct infringers for an indirect infringement claim); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335-36 (S.D. Fla. 2008); *Triune Star, Inc. v. Walt Disney Co.*, No. 07-cv-1256, 2008 WL 3849913, at *4 (C.D. Ill. Aug. 14, 2008); *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. 09-cv-1360, 2009 WL 1974602, at *1 (N.D. Cal. July 8, 2009).

SmartPhone's indirect infringement claims are conclusory and fail to set forth any factual allegations in support. These claims should accordingly be dismissed.

### C. The Complaint's Unsupported Request For A Judgment Of Willful Infringement And Permanent Injunction Should Be Stricken

The Complaint seeks a judgment of willful infringement, enhanced damages, attorneys' fees, a finding of an exceptional case, and a permanent injunction against each defendant. The Complaint, however, provides no factual basis for such relief, and these unsupported requests for relief should be stricken pursuant to Rule 12(f) as immaterial and impertinent.[5]

### 1. Willfulness

In order for SmartPhone to prevail on its prayer for enhanced damages, attorneys' fees, and a finding of an exceptional case, SmartPhone must set forth a viable claim for willful infringement, or some other egregious conduct on the part of the defendants. *See* 35 U.S.C. §§ 284, 285; *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992), abrogated on other grounds by *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 975 (Fed. Cir. 1995). The Complaint contains no such allegations, containing instead only a conclusory request for a judgment of willful infringement.

To establish a claim for willful infringement, the Federal Circuit requires the following:

> [A] patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . . If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Thus, to support a willfulness claim, a patent plaintiff must, at a minimum, establish two separate and independent elements:

---

[5]     Federal Rule of Civil Procedure 12(f) provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

(1) objectively reckless behavior or circumstances, and (2) subjective knowledge or obviousness of the risk.  *Id.*; *see also* Fed. R. Civ. P. 8(a)(2) (requiring that a plaintiff must plead the elements of its claim, in order to "show[] that the pleader is entitled to relief.").

Notwithstanding these requirements, the Complaint here is ***silent*** as to both objectively reckless behavior and subjective knowledge of the risk.  The Complaint fails, for example, to allege any conduct that is or was purportedly reckless, let alone Apple's knowledge of any of the patents-in-suit prior to filing this lawsuit.[6]  Courts have, under similar circumstances, dismissed willful infringement allegations on the basis of a plaintiff's failure to allege subjective knowledge of the patents-in-suit alone.  *F5 Networks, Inc. v. A10 Networks, Inc.*, No. 07-cv-1927, 2008 U.S. Dist. LEXIS 31319, at *3-4 (W.D. Wa. Mar. 10, 2008).[7]  Accordingly, the willfulness allegations in this case, or lack thereof, fall far short of the Supreme Court's mandate that a plaintiff allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

---

[6]     Fed. R. Civ. P. 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Nonetheless, there is no allegation in the Complaint that the defendants have been aware of the existence of the patents-in-suit.

[7]     The court's reasoning in *F5 Networks, Inc. v. A10 Networks, Inc.* is also instructive on the need to allege prior knowledge of the patents-in-suit:

> In this case, the complaint does not contain any facts to support a claim of willful infringement or to put [defendant] A10 on notice of the grounds on which that claim rests.  Despite [plaintiff] F5's assertion to the contrary, the complaint does not allege prior knowledge of the patent.  Asserting that [defendant] A10 willfully infringed "insofar" -- or to the extent -- that it had knowledge of the patent is not the same as actually alleging that [defendant] A10 had knowledge of the patent.  The former is a legal tautology while the latter is a factual allegation.

*F5 Networks,* 2008 U.S. Dist. LEXIS 31319, at *3-4.

The Complaint not only fails to set forth any facts concerning any alleged conduct that might support a willfulness claim, it **expressly admits** that SmartPhone must rely solely upon discovery to form the basis of any willful infringement claim:

> To the extent that facts learned in discovery show that any of the defendant's acts of infringement is or has been willful, SmartPhone reserves the right to request such a finding at time of trial.

(*See, e.g.*, Compl. ¶ 27.)

The Federal Circuit recognized the problem with such an approach in *Seagate,* noting that compliance with the willfulness standard is necessary to shape the proper scope of discovery, as well as at trial. *Seagate*, 497 F.3d at 1371-72 ("[I]t is indisputable that the proper legal standard for willful infringement informs the relevance of evidence relating to that issue and, more importantly here, the proper scope of discovery.").[8]  To be entitled to discovery of matters relating to willfulness, enhanced damages, and attorneys' fees, a plaintiff must plead sufficient facts to plausibly support the objective and subjective elements of the *Seagate* legal standard, consistent with the Supreme Court's admonition that conclusory statements in a complaint cannot unlock the doors to discovery. *See Iqbal*, 129 S. Ct. at 1949 ("Rule 8 marks a notable and

---

[8]     In light of the Federal Circuit's express recognition of the relationship between the willfulness standard and the scope of discovery, courts that have held *Seagate* does not apply to pleading requirements should not be considered persuasive authority. *Cf. Rambus, Inc. v. NVIDIA Corp.*, No. 08-cv-3343, 2008 U.S. Dist. LEXIS 95168, at *7 (N.D. Cal. Nov. 13, 2008); *FotoMedia Techs., LLC v. AOL, LLC*, No. 2:07-cv-255, 2008 U.S. Dist. LEXIS 109403, at *8-9 (E.D. Tex. Aug. 28, 2008) (Everingham, Mag.). Both *Rambus* and *FotoMedia Techs.* were decided without the Supreme Court's guidance in *Ashcroft v. Iqbal*, which confirmed that claims must be plausible. While the court in *FotoMedia Techs.* sustained the plaintiff's conclusory claims of indirect infringement and willfulness by relying on Form 18, this Court recently recognized the split in authority within this district over whether Form 18 should be universally applied in this manner to claims other than direct infringement claims. *Bedrock Computer Techs.,* No. 6:09-cv-269-LED, Dkt. No. 189. This Court ultimately disagreed with *FotoMedia Techs.*, and in the context of indirect infringement claims, held that "some greater specificity is required." *Id.* This rationale applies equally here, and Apple submits that more specificity is required than that set forth in SmartPhone's conclusory willfulness allegations.

generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

SmartPhone admits that it has no basis for its willfulness allegation, and merely intends to fish for support for its claim.  The case law requires more from a pleading, and all statements regarding willful infringement, enhanced damages, attorneys' fees, and an exceptional case should therefore be stricken from the Complaint's Prayer for Relief.

### 2.        Injunctive Relief

The Complaint also fails to plead any facts to support its prayer for injunctive relief.  In order to obtain a permanent injunction in a patent infringement action, the Supreme Court has made clear that a plaintiff must satisfy the following four-factor test:

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

The Complaint here fails to allege any facts in support of these factors.  The lone allegation in support of an injunction for each count generally sets forth the following: "Apple is thereby liable for infringement of the '645 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to SmartPhone, which infringement and damage will continue unless and until Apple is enjoined."  (*See, e.g.*, Compl. ¶ 25.)  Such conclusory allegations need not, and cannot, be accepted as true.  *See Iqbal*, 129 S. Ct. at 1949 ("First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  The Complaint contains no other factual allegations that support or otherwise demonstrate that a patent holding company, like SmartPhone — which apparently does not practice the patents-in-suit, and merely exists to enforce them — should be entitled to injunctive relief.  SmartPhone's

allegations and request for injunctive relief should accordingly be stricken from the Complaint and its Prayer for Relief.

## IV.    CONCLUSION

Defendant Apple respectfully requests that the Court grant its motion to dismiss. SmartPhone lacks both constitutional and prudential standing to bring this patent infringement action, which should result in complete dismissal of the Complaint.   SmartPhone's indirect infringement claims should also be dismissed for lack of any factual support.   Finally, all statements regarding willful infringement, enhanced damages, attorneys' fees, a finding of an exceptional case, and a permanent injunction should be stricken from the Complaint as immaterial and impertinent to this lawsuit.

Dated: April 28, 2010                    Respectfully submitted,

*/s/ Jeffrey G. Randall*
Jeffrey G. Randall
Lead Attorney
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1117 S. California Avenue
Palo Alto, CA  94304-1106
Tel: (650) 320-1850
Fax: (650) 320-1950
jeffrandall@paulhastings.com

Allan M. Soobert
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
Tel: (202) 551-1822
Fax: (202) 551-0222
allansoobert@paulhastings.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX 75606
Tel: (903) 757-8449
Fax: (903) 758-7397
ema@emafirm.com

*Attorneys for Defendant Apple Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 28th day of April, 2010.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Jeffery G. Randall
Jeffery G. Randall