# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| SMARTPHONE TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:  6:10-cv-00074-LED |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| RESEARCH IN MOTION CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF SMARTPHONE TECHNOLOGIES, LLC'S
## OPENING CLAIM CONSTRUCTION BRIEF

**TABLE OF CONTENTS**

I.      BACKGROUND ..........................................................................................1

II.     APPLICABLE LAW ..................................................................................1

III.    DISCUSSION OF PROPOSED CLAIM CONSTRUCTIONS ...................3

        A.      U.S. PATENT NO. 5,742,905 .........................................................3

                1.      "Receiving any of an electronic mail, a facsimile, and
                        a voice mail message"............................................................4

                2.      "A called subscriber who can receive any of an
                        electronic mail, facsimile, and a voice mail message
                        under a single address" ........................................................5

                3.      "A single address"................................................................5

                4.      "And responsive to inputs from the subscribers a
                        called subscriber profile for each of said subscribers" ..........6

                5.      "Routing the received message in said different
                        format to any of a wireless or wireless network
                        according to the message routing commands in
                        the called subscriber profile" ................................................7

                6.      "Message routing commands for routing the
                        received message to the particular called subscriber
                        dependent on the format of the message" .............................7

        B.      U.S. PATENT NO.6,505,215 .........................................................8

                1.      "Application" ........................................................................9

                2.      "Transport module" ............................................................10

                3.      "Direct connection" ............................................................11

                4.      "The first set of records being accessible to the
                        transport modules in the plurality of transport
                        modules" ..............................................................................11

                5.      "To identify at least a portion of the first set of
                        records".................................................................................12

                6.      "Synchronize" .....................................................................13

7. "Computer system" ..................................................................13

8. "To identify a selected transport module from the plurality of transport modules" ........................................14

9. "A synchronization application" ...........................................14

C. U.S. PATENT NO. 6,711,609 ......................................................15

1. "A second computer" ............................................................15

2. "Second signal from the portable computer to send data from the portable computer through the second computer to an intended recipient" ........................................16

3. "Synchronizing" ....................................................................16

4. "Signal" ...................................................................................17

5. "In response to" .....................................................................17

6. "Concurrently" .......................................................................18

7. "Wherein the step of . . . is performed concurrently with the step of . . ." ................................................................18

D. U.S. PATENT NO. 6,728,786 ......................................................19

1. "First computer" .....................................................................19

2. "Second computer" ...............................................................20

3. "A set of records" ..................................................................20

4. "Synchronize" ........................................................................21

## <u>TABLE OF AUTHORITIES</u>

*Alloc, Inc. v. Int'l Trade Comm'n,* 342 F.3d 1361 (Fed.Cir.2003) ............................2

*Bell Atl. Network Servs., Inc. v. Covad Commc'ns Group, Inc.,*
    262 F.3d 1258 (Fed.Cir.2001)..................................................................2

*Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.,*
    249 F.3d 1341 (Fed. Cir. 2001)...........................................................4, 5,
                                                                                        8, 12

*C.R. Bard, Inc. v. U.S. Surgical Corp.,* 388 F.3d 858 (Fed.Cir.2004).......................2, 3

*Constant v. Advanced Micro-Devices,* Inc., 848 F.2d 1560 (Fed.Cir.1988)..............3

*Comark Commc'ns, Inc. v. Harris Corp.,* 156 F.3d 1182 (Fed.Cir.1998) ................3, 6, 9, 11,
                                                                                        13, 15, 16,
                                                                                        17, 18, 19,
                                                                                        20

*Helmsderfer v. Bobrick Washroom Equip., Inc.,* 527 F.3d 1379
    (Fed. Cir. 2008)...............................................................................12, 13, 17

*Innova/Pure Water Inc. v. Safari* Water *Filtration Sys., Inc.,*
    381 F.3d 1111 (Fed.Cir.2004)..................................................................1

*Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed.Cir.1995) .....................2

*Novo Indus., L.P. v. Micro Mold Corp.,* 350 F.3d 1348 (Fed. Cir. 2003) ................7

*O2 Micro Intern. Ltd. v. Beyond Innov. Tech. Co.. Ltd.,* 521 F.3d 1351
    (Fed. Cir. 2008).................................................................................11, 13, 14,
                                                                                        15, 16, 21

*Phillips v. AWH Corp.,* 415 F.3d 1303, 1312 (Fed.Cir.2005) ..................................1, 2, 3, 4,
                                                                                        5, 7, 8, 11,
                                                                                        12, 14, 16,
                                                                                        17, 19

*Schumer v. Lab. Computer Sys., Inc.,* 308 F.3d 1304 (Fed. Cir. 2002) ....................5

*Teleflex, Inc. v. Ficosa N. Am. Corp.,* 299 F.3d 1313 (Fed.Cir.2002)......................2, 3

*Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576 (Fed.Cir.1996).......................2

Pursuant to the Court's Docket Control Order dated October 5, 2010, plaintiff, SmartPhone Technologies, LLC ("SmartPhone"), hereby submits its Opening Claim Construction Brief and requests that the Court construe the disputed terms of the claims as set forth below.  As set forth below, SmartPhone submits that many of the terms identified for construction by defendants have such plain and ordinary meaning that construction should not be required.  For example, defendants request construction of terms such as "application," "computer system," "in response to," "first computer," etc.  SmartPhone submits that such terms clearly do not require construction.

## I.      BACKGROUND

SmartPhone alleges that the defendants each infringe one or more of the ten patents asserted in this case.  Subsequent to the filing of the Complaint in this case, SmartPhone brought suit against a number of additional defendants in a separate case in this Court, *SmartPhone Technologies, Inc. v. HTC Corp., et al.,* No. 10-cv-580 ("*SmartPhone II*").  Six of the ten patents at issue in this case are also at issue in *SmartPhone II*.  The Court has determined that claim construction of the six common patents be deferred until later in 2011.  Accordingly, this brief addresses only the four non-common patents asserted in this case.  These patents relate to various features and functionalities used by smartphones, i.e. mobile devices that offer more features than simple telephone service.

## II.     APPLICABLE LAW

"It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'"   *Phillips v. AWH Corp.,* 415 F.3d 1303, 1312 (Fed.Cir.2005) (*en banc*) (quoting *Innova/Pure Water Inc. v. Safari Water Filtration Sys., Inc.,* 381 F.3d 1111, 1115 (Fed.Cir. 2004)).  In claim construction,

courts examine the intrinsic evidence to define the scope of the patented invention.  *See id.*; *C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 861 (Fed.Cir.2004); *Bell Atl. Network Servs., Inc. v. Covad Commc'ns Group, Inc.*, 262 F.3d 1258, 1267 (Fed.Cir.2001).  This intrinsic evidence includes the claims themselves, the specification, and the prosecution history.  *See Phillips,* 415 F.3d at 1314; *C.R. Bard, Inc.,* 388 F.3d at 861.  Courts give claim terms their ordinary and accustomed meaning as understood by one of ordinary skill in the art at the time of the invention in the context of the entire patent.  *Phillips,* 415 F.3d at 1312-13; *Alloc, Inc. v. Int'l Trade Comm'n,* 342 F.3d 1361, 1368 (Fed.Cir.2003).

The claims themselves provide substantial guidance in determining the meaning of particular claim terms.  *Phillips,* 415 F.3d at 1314.  First, a term's context in the asserted claim can be very instructive.  *Id.*  Other asserted or unasserted claims can also aid in determining the claim's meaning because claim terms are used consistently throughout the patent.  *Id.*  Differences among the claim terms can also assist in understanding a term's meaning.  *Id.* For example, when a dependent claim adds a limitation to an independent claim, it is presumed that the independent claim does not include the limitation. *Id.* at 1314-15.

"[C]laims 'must be read in view of the specification, of which they are a part.' " *Id.* (quoting *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 979 (Fed.Cir.1995) (en banc)).  "[T]he specification 'is always highly relevant to the claim construction analysis.  Usually, it is dispositive; it is the single best guide to the meaning of a disputed term.' " *Id.* (quoting *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582 (Fed.Cir.1996)); *Teleflex, Inc. v. Ficosa N. Am. Corp.,* 299 F.3d 1313, 1325 (Fed.Cir.2002)).  The specification may resolve ambiguous claim terms "where the ordinary and accustomed meaning of the words

2

used in the claims lack sufficient clarity to permit the scope of the claim to be ascertained from the words alone." *Teleflex, Inc.,* 299 F.3d at 1325. But, " '[a]lthough the specification may aid the court in interpreting the meaning of disputed claim language, particular embodiments and examples appearing in the specification will not generally be read into the claims.' " *Comark Commc'ns, Inc. v. Harris Corp.,* 156 F.3d 1182, 1187 (Fed.Cir.1998) (quoting *Constant v. Advanced Micro-Devices, Inc.,* 848 F.2d 1560, 1571 (Fed.Cir.1988)); *see also Phillips,* 415 F.3d at 1323.

Although extrinsic evidence can be useful, it is " 'less significant than the intrinsic record in determining the legally operative meaning of claim language.' " *Phillips,* 415 F.3d at 1317 (quoting *C.R. Bard, Inc.,* 388 F.3d at 862). Technical dictionaries and treatises may help a court understand the underlying technology and the manner in which one skilled in the art might use claim terms, but technical dictionaries and treatises may provide definitions that are too broad or may not be indicative of how the term is used in the patent. *Id.* at 1318. Generally, extrinsic evidence is "less reliable than the patent and its prosecution history in determining how to read claim terms." *Id.*

## III.  DISCUSSION OF PROPOSED CLAIM CONSTRUCTIONS

As stated above, there are four patents to be construed in this claim construction process.

### A.  U.S. PATENT NO. 5,742,905

As set forth in the Summary of the Invention, this patent relates to personal communications internetworking whereby the user of the mobile phone has the "ability to remotely control the receipt and delivery of wireless and wireline voice and text messages." *See* Ex. A, 3:46-49. According to the specification, "[t]he mobile communications subscriber

3

can receive e-mail, fax pages, and voice messages under a single phone number while using either a wireless or wireline network." *Id.* at 5:59-62.  The disputed terms of the '905 patent are as follows:

### 1. "Receiving any of an electronic mail, a facsimile, and a voice mail message"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"receiving any of an electronic mail, a facsimile, and a voice mail message"** (claim 5) | No construction necessary, but if construed:  "receiving at least one of an electronic mail, a facsimile, and a voice mail message" | receiving by someone who has subscribed to the service each of an electronic mail, facsimile, and voice mail message |

SmartPhone does not believe that this language needs to be construed as it is easily understood English. *See Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*, 249 F.3d 1341, 1349 (Fed. Cir. 2001).  However, if it is construed, it should be as proposed by SmartPhone.  Defendants seek to have a construction that the subscriber must receive "each of" the services.  Defendants' proposed "each of" definition is contrary to the plain claim language "any of."  The plain and ordinary meaning as proposed by SmartPhone controls. *Phillips*, 415 F.3d at 1312-1313.  Accordingly, SmartPhone's proposed language "at least one of" is consistent with the actual language of the claim and should be adopted if this term is construed. *Phillips*, 415 F.3d at 1312.

2. "A called subscriber who can receive any of an electronic mail, facsimile, and a voice mail message under a single address"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| "**a called subscriber who can receive any of an electronic mail, facsimile, and a voice mail message under a single address**" (claim 5) | No construction necessary, but if construed:<br><br>"a called subscriber who can receive at least one of an electronic mail, a facsimile, and a voice mail message using a single address" | Someone who has subscribed to the service and can receive each of an electronic mail, facsimile, and a voice mail message under a single address |

This term is virtually the same as the previous term, except it adds "a called subscriber who can" and "under a single address." These additional phrases are plain on their face and need not be construed. *Biotec v. Biocorp*, 249 F.3d at 1349. Should the claim be construed, however, it should be given the meaning set forth by SmartPhone above. The difference between the parties' proposed construction is that SmartPhone proposes that the subscriber receive "at least one of" the services, whereas defendants propose that the subscriber must receive "each of" the services. SmartPhone's proposal is consistent with the claim language which recites "any of an electronic mail, facsimile, and a voice mail message." *See Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1312 (Fed. Cir. 2002). In contrast, defendants' proposal is inconsistent with the claim language and, therefore, should be rejected. *Phillips*, 415 F.3d at 1312.

3. "A single address"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| "**single address**" (claim 5) | no construction necessary | unique telephone number of a subscriber shared for electronic mail, facsimile and voice mail messaging |

The specification states that the "subscriber can receive e-mail, fax pages, and voice messages under a single phone number while using either a wireless or wireline network." Ex. A at 5:60-62.  Thus, the idea is that the user be able to receive these different services at a single device location.  The specification does not state that the single address need be "unique" as defendants propose.  Neither does the specification state that the single address must be a single telephone number.  As a result, defendants' proposed construction seeks to read extraneous limitations into this language should be rejected. *Comark v. Harris*, 156 F.3d at 1187.

> 4.  **"And responsive to inputs from the subscribers a called subscriber profile for each of said subscribers"**

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"and responsive to inputs from the subscribers a called subscriber profile for each of said subscribers"** (claim 5) | no construction necessary | a called subscriber profile for each of said subscribers, the contents of each profile being modifiable by subscriber |

This element of claim 5 is self-explanatory and describes maintaining a subscriber database that is based upon inputs from subscribers that are used to create subscriber profiles:

> storing in a service provider database common to a plurality of
> subscribers and connected to both the wireless and wireline
> networks and responsive to inputs from the subscribers a called
> subscriber profile for each of said subscribers, said profile
> containing message routing commands for each called subscriber
> depending on the format of the message

Ex. A, 39:52-58.

Thus, SmartPhone submits that this language does not need construction.  Moreover, defendants are impermissibly attempting to add language to this term.  Namely, defendants request that this term be construed to require that the contents of the profile be modifiable

by the subscribers.  Such additional functionality is not found in this claim term and should

not be added to its construction.  *Phillips*, 415 F.3d at 1312.

> **5.  "Routing the received message in said different format to any of a wireless or a wireless network according to the message routing commands in the called subscriber profile"**

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"routing the received message in said different format to any of a wireless or a wireless network according to the message routing commands in the called subscriber profile"** (claim 5) | Correct typographical error. | |

The phrase "any of a wireless or a wireless network" is clearly a simple typographical

error.  As the Abstract of the '905 patent states, the invention "provides a network subscriber

with the ability to remotely control the receipt and delivery of wireless and wireline voice

and text messages." Ex. A, Abstract.  Thus, the phrase "any of a wireless or a wireless

network" should be corrected and construed as "any of a wireless or wireline network." *See*

*Novo Indus., L.P. v. Micro Mold Corp.*, 350 F.3d 1348, 1357 (Fed. Cir. 2003).

> **6.  "Message routing commands for routing the received message to the particular called subscriber dependent on the format of the message"**

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"message routing commands for routing the received message to the particular called subscriber dependent on the format of the message"** (claim 5) | no construction necessary | message routing commands for routing the received message to the particular called subscriber, where the determination of the message routing commands is dependent on the format of the received message |

SmartPhone submits that the plain and ordinary meaning of this term is apparent from the claim language and needs no construction. *Biotec v. Biocorp*, 249 F.3d at 1349.  In contrast, defendants are attempting to read a limitation into the claim that the format of the message alone is used to determine how the message is routed.  Defendants' narrowed interpretation, that seeks to add a "determination" limitation, is inconsistent with the specification and confuses the issue.  For example, the Abstract discloses that the "person[al] communications internetworking provides a network subscriber with the ability to remotely control the receipt and delivery of wireless and wireline voice and text messages."  Ex. A, Abstract.  Likewise, the specification discloses that the "subscriber provides the network with message routing and delivery instructions" and that these instructions are "stored 'in a subscriber profile' for that subscriber."  *Id.* 6:22-25.  Accordingly, the subscriber can control the routing of the messages and the routing can be determined from what has been stored in the subscriber's profile for each type of message.  For example, a subscriber may wish to have emails routed in one manner and voice mail routed in another manner.  Thus, the routing is determined by the subscriber and, contrary to defendants' proposed construction, the "determination of the message routing" is based on the subscriber's instructions regarding how he/she prefers to have differently formatted messages routed, not upon the format of the instruction.  Therefore, defendants' proposed construction should be rejected as inconsistent with the specification. *Phillips*, 415 F.3d at 1315.

   B.    U.S. PATENT NO. 6,505,215

   The '215 patent relates to a method and system for synchronizing two computer systems that support multiple synchronization techniques.  *See* Ex. B, Abstract.  A number of claim terms are in dispute, as set forth below:

### 1. "Application"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"application"** (claim 17) | no construction necessary, but if construed: "a computer program" | a software program used for a particular function, excluding system control software and support processes |

Claim 17 recites, *inter alia,* a portable computer having "a first application executable on the portable computer" and a "synchronization application executable on the portable computer." Ex. B, 10:41-56. It is, therefore, readily apparent that this term simply means an application that runs on a computer and no further construction is required. Should any construction be made, however, this term should be construed to mean "a computer program." This is supported by the specification which states that "both the handheld computer system 110 and the personal computer system 150 are running [a] calendar program." *Id.* 2:29-31. Other applications, such as an expense file, are disclosed in the '215 patent. *See id.*, Fig. 7. Jurors in this day and age know that an application is a computer program.

Defendants' proposed construction attempts to improperly add limitations to the claim because the claim does not recite or require that the "application" exclude any particular processes. Such attempts to add limitations to the claims are improper and should be rejected. *Comark v. Harris*, 156 F.3d at 1187.

9

## 2. "Transport module"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"transport module"** (claim 17) | no construction necessary, but if construed: <br><br> "a single interface that handles communications over communications means between a portable computer and another computer system" | a single interface for the synchronization application that handles synchronization for a specific communication medium |

SmartPhone does not believe that construction of this term is required. The transport modules are illustrated in Figure 10 of the '215 patent. As stated in the specification, these transport modules handle communications between computer systems. Ex. B, 7:61-8:22. Thus, transport modules are modules that transport and no construction is required. If construed, however, SmartPhone's construction is proper. The specification teaches that the transport modules handle synchronization between two computer systems over a respective single interface connection. Ex. B, 7:61-8:22. For example, the first transport module "handles synchronization directly between a serial port on the portable computer system and a serial port on the desktop computer system." *Id.* 7:61-65. Accordingly, if the term is to be construed, SmartPhone's construction is appropriate.

Defendants' proposed construction should be rejected because it attempts to read an additional limitation into the claim. First, defendants' construction would require that all transport modules be used for synchronization whereas claim 17 recites: "a plurality of transport modules, including a first wireless transport module and a first direct connection module." *Id.*, 10:43-45. Thus, this language, *i.e.*, "including," leaves open the possibility of other types of transport modules. Defendants propose that a single transport module handles synchronization for <u>a</u> specific communication medium, but this language is not found in the

10

claim or specification. To the contrary, as set forth above, the specification teaches that transport modules handle communications between computers over a variety of communications media. As a result, defendants' argument imports extraneous limitations into the claim and should be rejected. *Phillips*, 415 F.3d at 1323-27.

### 3. "Direct connection"

| Term | SmartPhone's Construction | Defendants' Construction |
|------|---------------------------|--------------------------|
| **"direct connection"** (claim 17) | no construction necessary | wired connection |

SmartPhone submits that this term has the plain and ordinary meaning and does not need to be construed as such construction is unnecessary. *O2 Micro Intern. Ltd. v. Beyond Innov. Tech. Co. Ltd.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). As set forth above, the specification describes communications between two computer systems that are connected directly together in some manner. *See* Ex. B, 7:61-8:22.

Defendants' proposed construction is inconsistent with the specification which is not limited to communicating over a "wired connection." For example, the specification teaches that the two computer systems can communicate by infrared signals. *Id.* 8:17-22. Thus, defendants' proposed construction should be rejected as inconsistent with the specification. *See Comark v. Harris*, 156 F.3d at 1187.

### 4. "The first set of records being accessible to the transport modules in the plurality of transport modules"

| Term | SmartPhone's Construction | Defendants' Construction |
|------|---------------------------|--------------------------|
| **"the first set of records being accessible to the transport modules in the plurality of transport modules"** (claim 17) | no construction necessary, but if construed:<br><br>"the transport modules are able to access the first set of records" | the first set of records can be synchronized with a corresponding set of records using each of the at least one wireless transport module and at least one direct connection transport module |

11

SmartPhone submits that this term has a plain and ordinary meaning and need not be construed. *Biotec v. Biocorp*, 249 F.3d at 1349.  If construed, however, SmartPhone's proposed construction is true to the plain language of the claim and specification. Defendants' proposed construction, once again, impermissibly seeks to add limitations to the claim language.  Whereas the claim language recites that the records be "accessible," defendants' construction changes this and would instead have the records be "synchronized with a corresponding set of records using each of the at least one wireless transport module and at least one direct connection module."  All of this additional language is superfluous, unnecessary and should be rejected. *Phillips*, 415 F.3d at 1323-27.

### 5.  "To identify at least a portion of the first set of records"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"to identify at least a portion of the first set of records"** (claim 17) | no construction necessary | to determine the records to be synchronized |

SmartPhone submits that this language has plain and ordinary meaning and need not be construed. *Phillips,* 415 F.3d at 1312-13.  Defendants' proposed construction changes the meaning of the term and should be rejected.  Defendants' attempt to add a step of determining the records to be synchronized should be rejected.  Defendants' proposed construction also totally ignores that this term uses the phrase "at least a portion of."  Finally, defendants are impermissibly attempting to add the limitation "synchronized" into this element.  "Synchronize" appears later in claim 17 and refers to "the first set of records," rather than "at least a portion of the first set of records." Ex. B, 10:54-55.  Accordingly, defendants' construction is inconsistent with the claim language and should be rejected. *See Helmsderfer v. Bobrick Washroom Equip., Inc.*, 527 F.3d 1379, 1383 (Fed. Cir. 2008) (rejecting defendant's attempt to construe "partially" as "totally.").

12

### 6.   "Synchronize"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"synchronize"** (claim 17) | no construction necessary | compare two sets of records and reconcile the differences |

SmartPhone submits that this term has a plain and ordinary meaning and need not be construed. *O2 Micro*, 521 F.3d at 1362.  The specification provides a simple and detailed description of synchronization. Ex. B, 2:29-45.  Defendants' proposed construction totally ignores the phrase "a portion of."  Thus, defendants are attempting to re-write the claim to narrow it to exclude this phrase and thereby require that more than "a portion of" a first set of records be required.  Defendants' attempt to re-write the claim should be rejected. *Helmsderfer v. Bobrick*, 527 F.3d at 1383.

### 7.   "Computer system"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"computer system"** (claim 17) | no construction necessary | a personal computer |

SmartPhone submits that no construction of this term is required as the jury will be suitably familiar with the ordinary meaning of "computer system." *O2 Micro*, 521 F.3d at 1362.  Defendants' proposed construction, that would limit this term to personal computers, should be rejected as inconsistent with the specification.  For example, in Figure 10 of the patent, a hand-held computer system 110 and a personal computer system 150 are illustrated. *Id.*, 2:23-44.  Thus, the patent is not limited to personal computers and defendants' attempt to limit "computer system" to personal computers should be rejected. *Comark v. Harris*, 156 F.3d at 1187.

### 8.   "To identify a selected transport module from the plurality of transport modules"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"to identify a selected transport module from the plurality of transport modules"** (claim 17) | no construction necessary | to identify a transport module from the plurality of transport modules |

SmartPhone submits that this term has a plain and ordinary meaning and need not be construed. *O2 Micro*, 521 F.3d at 1362.  Defendants' proposed construction erases a claim term (selected) from the claim and, therefore, is inconsistent therewith.  Thus, defendants' proposed construction is inconsistent with the claim language and should be rejected. *Phillips*, 415 F.3d at 1314.

### 9.   "A synchronization application"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"a synchronization application"** (claim 17) | "software that reconciles data between applications on two or more computer systems" | construed in the context of the phrases above |

The specification teaches that, with the "synchronization system, the user can alter the data on both the calendar program 115 and on the hand-held computer system 110."  Ex. B, 2:31-33.  "[T]hen, at some later point, the user should be able to reconcile the two different calendar databases by coupling the two computer system[s] together using communication link 140 and requesting synchronization." *Id.*, 2:35-38.  Accordingly, it is apparent that the synchronization application is "software that reconciles data between applications on two or more computer systems," in this example reconciling calendar programs.  This construction is consistent with the specification and should be adopted. *Phillips*, 415 F.3d at 1314-15.  Defendants' vague, non-construction "in the context of phrases above" is imprecise and should be rejected.

14

C.      U.S. PATENT NO. 6,711,609

The '609 patent relates to methods for synchronizing the exchange of data, such as email, between computers. *See* Ex. C., Abstract.  The disputed terms of the '609 patent are addressed below:

### 1.   "A second computer"

| Term | SmartPhone's Construction | Defendants' Construction |
|------|---------------------------|--------------------------|
| **"second computer"** (claims 6-7, 11-13) | no construction needed | "a personal computer" |

This is another example of defendant requesting construction of a readily understandable term.  SmartPhone submits that the jury will readily understand the meaning of a "second computer" and construction is not required. *O2 Micro*, 521 F.3d at 1362. Defendants' attempt to limit this term to "a personal computer" should be rejected.  For example, the Abstract of the patent states that a "fully integrated email system for a desktop computer with an associated palmtop computer is disclosed."  *Id*.  The claims of the patent recite a "portable computer" and a "second computer." *Id*., 6:35-43; 8:1-3.  Accordingly, the claims are not limited to the "second computer" being a personal computer as such is but one embodiment disclosed in the specification. *Comark v. Harris*, 156 F.3d at 1187.

2.   **"Second signal from the portable computer to send data from the portable computer through the second computer to an intended recipient"**

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"second signal from the portable computer to send data from the portable computer through the second computer to an intended recipient"** (claim 6) | no construction necessary, but if construed:<br><br>"second request from the portable computer to send data from the portable computer through the second computer to an intended recipient" | "a request from the portable computer to send the data to an intended recipient, other than the messages to be synchronized and the data to be sent, through the second computer" |

SmartPhone submits that this term has a plain and ordinary meaning and does not require construction. *O2 Micro*, 521 F.3d at 1362.  In contrast, defendants are attempting to rewrite the plain meaning of the claim to add the extraneous limitation "other than the messages to be synchronized and the data to be sent."  This language is not found in the claim, is not necessary, and should not be read into the claim. *Comark v. Harris*, 156 F.3d at 1187.  To the extent any construction is required, SmartPhone's proposed construction is consistent with the claim language and, therefore, is preferable to defendants' proposed construction, which is not. *Phillips*, 415 F.3d at 1314.

3.   **"Synchronizing"**

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"synchronizing"** (claims 6-7, 11-13) | no construction necessary | "comparing two sets of messages and reconciling the differences" |

SmartPhone submits that this term has a plain and ordinary meaning and needs not be construed. *O2 Micro*, 521 F.3d at 1362.  As set forth above, the specification sets forth a simple yet detailed description of synchronization. Ex. B, 2:29-45.  Defendants' proposed construction totally ignores the phrase "a portion of."  Thus, defendants are attempting to re-

write the claim to narrow it to exclude this phrase and thereby require that more than "a portion of" a first set of records be required.  Defendants' attempt to re-write the claim should be rejected. *Helmsderfer v. Bobrick*, 527 F.3d at 1383.

### 4.  "Signal"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| "signal" (claim 6) | "request" | "request from the portable computer that is separate and distinct from the data to be sent and messages to be synchronized" |

The term "signal" should be construed as a "request."  Both parties agree that a signal is a request in this context.  Defendants, however, want to add limitations not found in the claim, namely that the request is "from the portable computer that is separate and distinct form the data to be sent and messages to be synchronized."  There is nothing in the '609 patent that requires that the signal be separate and distinct in this manner and defendants cite to nothing in the patent.  Neither does either of defendants' citations to U.S. Patent No. 6,728,786 require that the signal be separate and distinct.  Accordingly, defendants' proposed construction that would add extraneous limitations to the claim and should be rejected. *Comark v. Harris*, 156 F.3d at 1186.

### 5.  "In response to"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| "in response to" (claim 6) | no construction needed | "as a result of and subsequent to" |

SmartPhone submits that this term has a plain and ordinary meaning and needs not to be construed. *Phillips*, 415 F.3d at 1314.  SmartPhone is at a loss to understand why defendants request construction of such plain and ordinary language.  This term is found in

two places in claim 6 of the patent, namely, "in response to the first signal" and "in response to the second signal." Ex. C, 7:11-20.  The jury will readily understand the meaning of this term in the context of the claim.  Defendants' attempt to add the limitation "as a result of and subsequent to."  Nothing in the '609 patent warrants such a construction, and neither of defendants' citations to the '786 patent support such a construction.  Adding such unnecessary and extraneous limitations is impermissible. *Comark v. Harris*, 156 F.3d at 1186.

### 6.  "Concurrently"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"concurrently"** (claim 6) | "overlapping in duration" | Construed in the context of the larger phrase [below] |

Claim 6 recites that the steps that are performed "concurrently" are: (1) the step of receiving the data, and (2) the step of synchronizing a first set of messages. *See* Ex. C, 7:22-26.  This step is exemplified in Figure 3 of the '609 patent.  As seen therein, the two steps are not performed at exactly the same time.  Thus, in this patent, concurrently does not mean at precisely the same time.  Accordingly, defendants' unidentified proposed construction, that would require the two steps to be performed "at the same time", is inconsistent with the intrinsic evidence and should be rejected.

### 7.  "Wherein the step of . . . is performed concurrently with the step of . . ."

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"wherein the step of . . . is performed concurrently with the step of . . ."** (claim 6) | no construction needed | "wherein [the two steps] are programmed to be performed at the same time" |

18

Once "concurrently" has been construed, the remainder of this term does not require construction.

D.     U.S. PATENT NO. 6,728,786

The '786 patent relates to synchronizing different computer systems.  Claim 27 is an apparatus claim for a portable computer having, *inter alia*, a local port for connecting to another computer, a memory that stores records and a processor for synchronizing the records on the computers.  *See* Ex. D., 13:20-36.  The disputed terms of the '786 patent are addressed below:

1.  **"First computer"**

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"first computer"** (claim 27) | no construction needed | "first personal computer" |

It is highly unlikely that the jury will struggle with the term a "first computer." Nonetheless, defendants insist that the Court construe this term.  SmartPhone submits that the term "first computer" has a plain and ordinary meaning and need not be construed. *Phillips*, 415 F.3d at 1314.  Defendants are simply attempting to limit this term to an embodiment disclosed in the specification.  Defendants' attempt to limit this term to a personal computer should be rejected.  In the Field of the Invention, the patent states that it "relates to the field of portable computer[s] systems.  Specifically, the present invention discloses a system[s] for synchronizing a portable computer system with a desktop computer system."  Ex. D, 1:13-15. Thus, while the patent may use a personal computer as an example of an implementation of the system, the Field of Invention is not so limited and defendants' proposed construction should be rejected. *Comark v. Harris*, 156 F.3d at 1187 (examples appearing in the specification generally not to be read into the claims).

19

### 2. "Second computer"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"second computer"** (claim 27) | no construction needed | "second personal computer" |

The argument with respect to the prior term "first computer" applies equally to the term "second computer" and is incorporated by reference.

### 3. "A set of records"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"a set of records"** (claim 27) | no construction needed | "a set of existing records" |

SmartPhone submits that this term has a plain and ordinary meaning and need not be construed.  Defendants' proposed construction is inconsistent with the specification. Defendants propose that this term means "a set of existing records."  The specification, however, discloses that records may be new, modified or deleted.  For example, the specification states that "when a record on the portable computer system 130 or the personal computer system 110 is created, modified, or deleted, the status flags for that record are set to new, modified, or deleted, respectively."  Ex. D, 3:44-47.  The specification also states that "[t]hese new, modified, and delete[d] records can then be used to synchronize with the personal computer's current database."  *Id.*, 5:3-5.  Thus, defendants' proposed limitation that would import "existing" into the claim should be rejected. *Comark v. Harris*, 156 F.3d at 1186.

### 4. "Synchronize"

| Term | SmartPhone's Construction | Defendants' Construction |
|---|---|---|
| **"synchronize"** (claim 27) | no construction needed | "compare two sets of records and reconcile the differences" |

As set forth above with respect to the '215 patent, SmartPhone submits that this term of this patent has a plain and ordinary meaning and need not be construed. *O2 Micro*, 521 F.3d 1362.  In this patent, the Abstract explains in simple terms that:

> [t]he palmtop computer system and personal computer system synchronize with each other to share information. The synchronization software recognizes different synchronization environments including: synchronizing multiple palmtop computer systems with a single personal computer system; synchronizing a single palmtop computer system with multiple personal computer systems; synchronizing a palmtop computer system with a remote personal computer system across a network using local personal computer system; and remotely synchronizing with a personal computer system across a telephone line.

Ex. D, Abstract.

This description, SmartPhone submits, will be readily understandable to a jury and further construction is unnecessary. *O2 Micro*, 521 F.3d at 1362.

WHEREFORE, SmartPhone requests that the Court construe the asserted claims as set forth above.

Dated:  July 28, 2011

/s/ Paul J. Hayes (with permission Wesley Hill)
Paul J. Hayes
Dean G. Bostock
**HAYES, BOSTOCK & CRONIN LLC**
300 Brickstone Square, 9th Floor
Andover, MA  01810
Tel:  (978) 809-3850
Fax:  (978) 809-3869
Email:  phayes@hbcllc.com
Email:  dbostock@hbcllc.com

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
    Texas State Bar No. 24032294
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, TX  75601
Tel:  (903) 757-6400
Fax:  (903) 757-2323
Email:  jw@wsfirm.com
Email:  wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
SMARTPHONE TECHNOLOGIES,
INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with the Local Rule CV-5 on July 28, 2011.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/      Paul J. Hayes