**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **SMARTPHONE TECHNOLOGIES, LLC,** | |
| Plaintiff, | |
| v. | |
| **RESEARCH IN MOTION CORP., et al.,** | Civil Action No. 6:10-cv-74-LED-JDL |
| Defendants. | JURY TRIAL DEMANDED |
| v. | |
| **HTC CORPORATION, et al.,** | Civil Action No. 6:10-cv-580-LED-JDL |
| Defendants. | JURY TRIAL DEMANDED |

**PLAINTIFF SMARTPHONE TECHNOLOGIES, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY FOR INDEFINITENESS**

Anthony G. Simon
Michael P. Kella
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
Saint Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029

Edward R. Nelson, III, Texas State Bar No. 00797142
Christie B. Lindsey, Texas State Bar No. 24041918
S. Brannon Latimer, Texas State Bar No. 24060137
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
P. 817.377.9111
F. 817.377.3485

Paul J. Hayes
Dean G. Bostock
James C. Hall
HAYES, BOSTOCK & CRONIN LLC
300 Brickstone Square, 9th Floor
Andover, MA 01810
P. 978.809.3850
F. 978.809.3869

T. John Ward, Jr., Texas State Bar No. 00794818
J. Wesley Hill, Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75601
P. 903.757.6400
F. 903.757.2323

*ATTORNEYS FOR PLAINTIFF
SMARTPHONE TECHNOLOGIES, LLC*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ………………………………………………………….. 1

II. RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS ... 1

III. STATEMENT OF THE ISSUE TO BE DECIDED BY THE COURT ………… 2

IV. LEGAL STANDARDS GOVERNING INDEFINITENESS …………………… 3

V. ARGUMENT …………………………………………………………………. 4

    1. Defendants Have Failed to Meet Their Burden of Establishing Invalidity by Clear and Convincing Evidence ……………………………………….. 4

    2. Claim 1 is Amendable to Construction and the Term "said background task" Does Not Render Claim 1 Indefinite ……………………………….. 5

    3. Claim 1 Does Not Improperly Mix Apparatus and Method Elements …… 9

    4. Defendants Have Not Presented Any Evidence to Overcome the Examiner's Finding ………………………………………………………. 11

VI. CONCLUSION ………………………………………………………………. 11

# TABLE OF AUTHORITIES

| **Case** | **Page(s)** |
|---|---|
| *Accolade Systems, LLC v. Citrix Systems, Inc.*, 2009 WL 1514426 (E.D. Tex. May 29, 2009) | 3 |
| *AllVoice Computing PLC v. Nuance Communications, Inc.*, 504 F.3d 1236 (Fed. Cir. 2007) | 3 |
| *Convolve, Inc. v. Dell, Inc.*, 2011 Markman 31792 (E.D. Tex. Jan. 5, 2011) | 9 |
| *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342 (Fed. Cir. 2005) | 3 |
| *Eolas Tech, Inc. v. Adobe Systems, Inc.*, 2011 Markman 3665342 (Aug. 22, 2011) | 5, 9 |
| *Genzyme Corp. v. Transkaryotic Therapies, Inc.*, 346 F.3d 1094 (Fed. Cir. 2003) | 11 |
| *Halliburton Energy Servs, Inc. v. M-I, LLC*, 514 F.3d 1244 (Fed. Cir. 2008) | 3. 4 |
| *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111 (Fed. Cir. 2004) | 6 |
| *IP Innovation, LLC v. Red Hat, Inc.*, 2009 WL 2460982 (E.D. Tex. Aug. 10, 2009) | 4 |
| *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005) | 9 |
| *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995), *affirmed,* 517 U.S. 370 (1996) | 11 |
| *Med. Instrumentation & Diagnostics Corp. v. Elekta AB,* 344 F.3d 1205 (Fed. Cir. 2003) | 3 |
| *Microprocessor Enhancement Corp. v. Texas Instruments, Inc.*, 520 F.3d 1367 (Fed. Cir. 2008) | 9 |
| *Ricoh Co., Ltd. v. Katun Corp.,* 486 F.Supp.2d 395 (D. N.J. May 3, 2007) | 9, 10 |

*Toshiba Corp. v. Juniper Networks, Inc.*,
    2006 WL 1788479 (D.Del. June 28, 2006) ……………………………………….. 9, 10

*Vitronics Corp. v. Conceptronics, Inc.*,
    90 F.3d 1576 (Fed. Cir. 1996) ……………………………………………………….. 9

*Yodlee, Inc. v. Cashedge, Inc.*,
    2006 WL 3456610 (N.D. Cal. Nov. 29, 2006) …………………………………….  9

## **Statutes**

35 U.S.C. § 112 ¶ 2 ……………………………………………………………….. *passim*

## I.     INTRODUCTION

Defendants have failed to meet their burden of establishing by clear and convincing evidence that claim 1 of the '275 patent is invalid.  Claim 1 is not insolubly ambiguous.  It is amenable to construction.  Defendants present no evidence that one of ordinary skill in the art would not be able to understand the metes and bounds of claim 1.  Defendants bear the burden of showing, by clear and convincing evidence, that one skilled in the art would not understand the scope of the claim when read in light of the specification.  Defendants do not even allege this, let alone produce evidence from one of ordinary skill on this point.  Defendants have failed to meet their burden and their motion must therefore be denied.

## II.    RESPONSE TO DEFENDANTS STATEMENT OF UNDISPUTED FACTS

1. Admitted.

2. Admitted.

3. Smartphone admits that the Abstract of the '275 patent states:

   A separate background task ("thread"), independent of the operating system, enables telephony functionality without regard to the mode of a graphical user interface.  The background task is always active and functions to respond to an incoming call even if the user is in a graphical user interface window that requires some input from the user.

'275 patent, Abstract (Doc. No. 183-1).  Smartphone denies Defendants' characterization of the '275 patent, which is taken out of context and inaccurate.

4. Smartphone admits that the '275 patent states:

   Embodiments include separate background task ("thread") interfacing directly with the telephony functionality of the palmtop device to enable telephony functionality regardless of the state of the graphical user interface.  In one embodiment, the background task, which runs under the operating system, is always active and functions to monitor an interrupt line and controls the serial port connected to a phone/chipset module.  The background task responds to an incoming call even if the user is in a graphical user interface window that requires some input from the user

1

> (e.g. the user interface is blocked), and the task alerts the user of the incoming phone call. Therefore, calls can be answered using the device regardless of the state of the graphical user interface.

'275 patent, 2:25-38.  Smartphone denies Defendants' characterization of the '275 patent, which is taken out of context and inaccurate.

    5.    Smartphone admits that the '275 patent discloses "telephony task 420 monitors the phone chipset 425 for incoming calls." '275 patent, 6:5-6.

    6.    Smartphone admits that the '275 patent states:

> The background task 455 responds to the interrupt line 460, wherein the interrupt line 460 monitors for incoming phone calls. The background task 455 is also connected to the telephony chipset 465 through serial port 470.

'275 patent, 6:23-27.  Smartphone denies Defendants' characterization of the '275 patent, which is taken out of context and inaccurate.

    7.    Denied.  Claim 1 of the '275 patent only claims one background task.  *See infra* Section III.

    8.    Admitted.

    9.    Smartphone admits that during prosecution the patentee stated:

> The combination of Arai and Pepper does not teach a method for delivering a phone call to a device wherein a background task of the operating system monitors for incoming phone calls as claimed.

Amendment and Response, p. 8 (Jan. 29, 2003) (Doc. No. 183-3).  Smartphone denies Defendants' characterization of the '275 prosecution history, which is taken out of context and inaccurate.

### III.    STATEMENT OF THE ISSUE TO BE DECIDED BY THE COURT

Smartphone disagrees with Defendants' statement of the issue to be decided.  The issue to be decided by the Court is whether Defendants' have met their burden of establishing, by clear

and convincing evidence, and with all inferences taken in favor of Smartphone, the non-movant, that there are no disputed issues of material fact. *Accolade Systems, LLC v. Citrix Systems, Inc.*, 2009 WL 1514426 *2 (E.D. Tex. May 29, 2009). As discussed *infra*, Defendants have failed to meet their burden.[1]

## IV. LEGAL STANDARDS GOVERNING INDEFINITENESS

Issued patents are presumed valid, and "therefore the evidence to show invalidity must be clear and convincing." *Med. Instrumentation & Diagnostics Corp. v. Elekta AB,* 344 F.3d 1205, 1220 (Fed. Cir. 2003). A claim is indefinite only if it is "not amenable to construction" or "insolubly ambiguous." *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005). The question under 35 U.S.C. § 112 ¶ 2 is not whether the average person could comprehend the claim, but whether the person of ordinary skill in the art could do so. *AllVoice Computing PLC v. Nuance Communications, Inc.,* 504 F.3d 1236, 1240 (Fed. Cir. 2007).

An accused infringer can only prevail on an indefiniteness challenge if it can show "by clear and convincing evidence that a skilled artisan could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area." *Halliburton Energy Servs, Inc. v. M-I, LLC*, 514 F.3d 1244, 1249-50 (Fed. Cir. 2008). Whether a claim is precise enough depends on how a skilled artisan would read the claim in light of the specification, the prosecution history, relevant extrinsic evidence, and her knowledge of the relevant art. *Id*.

---

[1] Smartphone objects to Defendants attempt to reserve the right to file a motion for summary judgment of indefiniteness with respect to claim 18 of the '645 patent. Def. Brief, p. 1, n. 1 (Doc. No. 183). Defendants sought leave to file a motion for summary judgment in connection with claim construction in this matter. Letter Brief (Doc. No. 145). The Court granted Defendants' request. Order (Doc. No. 159). It is Defendants choice to not raise any issues pertaining to the '645 patent at this juncture and Defendants should be precluded from raising any such issues at a later date.

## V. ARGUMENT

**1. Defendants Have Failed to Meet Their Burden of Establishing Invalidity by Clear and Convincing Evidence.**

Defendants must present clear and convincing evidence that a person of ordinary skill in the art could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as the skilled artisan's knowledge of the relevant art area. *Halliburton*, 514 F.3d at 1249-50. Defendants have not presented any evidence, in the form of testimony, a declaration, or otherwise, that a person of ordinary skill in the relevant art would not be able to comprehend the scope of claim 1 of the '275 patent. *See generally* Defendants' Motions for Summary Judgment (Doc. No. 183). Defendants do not even cite the above standard or contend that it is met. *Id*. Defendants merely rely on attorney argument.

In *IP Innovation*, this Court was presented with a similar situation. There was a dispute over whether one skilled in the art would be able to understand the scope of the asserted claim. *IP Innovation, LLC v. Red Hat, Inc.*, 2009 WL 2460982 * 9-10 (E.D. Tex. Aug. 10, 2009). Defendants did not provide any evidence in the form of testimony, affidavit, or otherwise from one of ordinary skill in the art in support of their position. *Id*. This Court held:

> Finally, Defendants have not provided any evidence that one skilled in the art would not understand that a "display system object" is a structure with an understandable scope. … Thus, Defendants have failed to carry their burden of proving indefiniteness by clear and convincing evidence, and the Court denies Defendants' motion for summary judgment.

*Id*. at * 11.

The same is true in this case. Defendants have not provided any such evidence and have not contended that one of ordinary skill in the art would not be able to understand the scope of

claim 1 of the '275 patent. As a result, Defendants have failed to carry their burden and their motion for summary judgment must be denied.

**2. Claim 1 is Amendable to Construction and the Term "said background task" Does Not Render Claim 1 Indefinite.**

"If the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, … the claim [is] sufficiently clear to avoid invalidity on indefiniteness grounds." *Eolas Tech, Inc. v. Adobe Systems, Inc.*, 2011 Markman 3665342 *14 *(Aug. 22, 2011). The meaning of claim 1 is discernible. The intrinsic evidence makes it clear that there is only one background task.

There is only one background/telephony task claimed in claim 1 of the '275 patent. There is only one background/telephony task disclosed in the '275 patent specification. This is the "background task of the operating system." As a result, as proposed by Smartphone, the term "a background task of said operating system of said device" should be construed to mean "the background task of said operating system of said device." This renders Defendants' argument moot.

Defendants do not present any evidence, or even argue, that one of ordinary skill would not be able to discern the boundaries of claim 1 of the '275 patent. In contrast, Smartphone provides the only evidence from one of ordinary skill in the art, which is consistent with the intrinsic evidence and Smartphone's claim construction position – the term "monitoring for incoming calls by a background task of said operating system of said device" should be construed to mean "monitoring for incoming calls by the background task of said operating system of said device."

In contrast to Defendants, Smartphone does present evidence from one of ordinary skill. Mr. Barr, who is one of ordinary skill in the art, has opined that he, as one of ordinary skill,

5

understands the scope of claim 1 of the '275 patent. Exhibit 1, Barr Dec. ¶ 5. He has opined that an ordinary skilled artisan, having reviewed the intrinsic evidence, would understand that there is only one background/telephony task. *Id.* ¶¶ 6-11.

Throughout the intrinsic evidence the patentee uses the terms background task and telephony task interchangeably.[2] The background/telephony task of the operating system is what monitors the phone chipset for incoming calls. For example, during prosecution the patentee stated:

> As described in the present application, the operating system of the device operates to control a wide variety of applications, including a graphical user interface (GUI) and a telephony task (pages 15, lines 8-10). The telephony task can operate simultaneously to other applications, such as the GUI. **The telephony task monitors the phone chipset of the device for incoming calls**. Upon receiving an incoming call, the telephony task notifies the operating system. The operating system then attempts to notify the user.

'275 Prosecution History, Amendment and Response pp. 5, 6, 8-9 (Jan. 29, 2003) (Doc. No. 183-3). This is consistent with the '275 patent specification, which states "telephony task 420 monitors the phone chipset 425 for incoming calls." '275 patent, 6:5-6.

Defendants rely heavily on the Abstract of the '275 patent. The Abstract does not weigh heavily in the claim construction analysis. *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1121 (Fed. Cir. 2004). As noted by the Federal Circuit, the Abstract "speaks generally to the invention and, much like the syllabus of an opinion, sets forth general information about the document's content, which is described in more detail in the remainder of

---

[2] For example, Figures 4*a* and 4*b* are diagrams showing the task that handles monitoring incoming calls. '275 patent, Figs. 4*a* and 4*b*. In Figure 4*a* the task is referred to as "telephony task" and in 4*b* it is referred to as "background task," showing that these terms are used interchangeably. This is also evident in the corresponding text in the specification, which describes the task that monitors incoming calls using the terms background task and telephony task interchangeably. *See e.g.,* '275 patent, 6:4-19 (using "telephony task"), 6:20-30 (using "background task"), 6:31-61 (using "telephony task" to describe same element).

the document." *Id.* The remainder of the '275 patent specification only discloses one background/telephony task – that of the operating system of the device.

Setting this aside, the Abstract is discussing the same background/telephony task discussed throughout the remainder of the specification. Defendants are interpreting the word "independent" in the Abstract to mean separate from. This is incorrect. "Independent" means "not subject to control by others." *See* Merriam-Webster Definition of "independent," *available at* http://www.merriam-webster.com/dictionary/independent. In other words, the background/telephony task discussed in the Abstract is just not subject to the control of the operating system. The fact that the background/telephony task is part of (i.e., running under) the operating system does not mean that its actions have to be controlled by the operating system. Exhibit 1, Barr Dec. ¶ 9.

Defendants contend that the "phrase 'runs under the operating system' means to one of ordinary skill that the background task is software separate from and below the operating system." Def. Brief, p. 6 (Doc. No. 183). This is refuted by Defendants' own evidence, which presents two different views of operating systems, one as a convenient interface (top-down view) and the other as a manager for the pieces of a complex system (bottom-up view). Def. Exhibit D, p. 4, Sec. 1.1.2 (Doc. No. 183-4). This is consistent with Figure 4*a* from the '275 patent (reproduced below), which shows the background/telephony task 420 as part of, or running under, the operating system 410.



'275 patent, Fig. 4*a*.

The background task that monitors for incoming calls is the same background task that was introduced earlier in the claim (i.e., the "background task of said operating system of said device"). The opinions of Mr. Barr from the viewpoint of one of ordinary skill confirm this. Exhibit 1, Barr Dec. There is no embodiment in the '275 patent that discloses two separate background tasks as Defendants contend is required by claim 1.[3] Construing claim 1 as suggested by Defendants would result in claim 1 not covering any of the disclosed embodiments in the '275 patent. Construing a claim so that a preferred embodiment does not fall within the

---

[3] Defendants contend that claim 23, as originally filed, claimed two separate background tasks. Def. Brief, p. 6 (Doc. No. 183). This is incorrect. The language Defendants rely on from claim 23 as originally filed is the same as the present language in claim 1. *Compare*, Def. Exhibit B, p. 25 (Doc. No. 183-2) *with* '275 patent, claim 1 (Doc. No. 183-1).

8

scope of the claim is rarely, if ever, correct and requires highly persuasive evidentiary support. *Vitronics Corp. v. Conceptronics, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996).

The intrinsic evidence requires that the term "a background task of said operating system of said device" must be construed to mean "the background task of said operating system of said device." As a result, the term "monitoring for incoming calls by a background task of said operating system of said device" should be construed to mean "monitoring for incoming calls by the background task of said operating system of said device" rendering Defendants' argument moot.

**3.     Claim 1 Does Not Improperly Mix Apparatus and Method Elements.**

Defendants' request attempts to improperly extend the Federal Circuit's holding in *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005). Since 2005, Courts throughout the country, including this Court, have distinguished *IPXL*, holding that claims containing a physical description of an apparatus and a description of the apparatus' function are not impermissible apparatus-method claims. *See e.g., Microprocessor Enhancement Corp. v. Texas Instruments, Inc.*, 520 F.3d 1367, 1374-75 (Fed. Cir. 2008); *Eolas Tech., Inc.,* 2011 Markman 3665342 *15-17; *Convolve, Inc. v. Dell, Inc.*, 2011 Markman 31792 *17-18 (E.D. Tex. Jan. 5, 2011); *Ricoh Co., Ltd. v. Katun Corp.,* 486 F.Supp.2d 395, 402 (D. N.J. May 3, 2007); *Yodlee, Inc. v. Cashedge, Inc.*, 2006 WL 3456610 *3-4 (N.D. Cal. Nov. 29, 2006); *Toshiba Corp. v. Juniper Networks, Inc.*, 2006 WL 1788479 *3-5 (D.Del. June 28, 2006).

In *IPXL,* the Federal Circuit found that the claim at issue covered both an apparatus and method of using the apparatus because the claim contained the following language: "and the *user uses the input means ….*" *IPXL*, 430 F.3d at 1384. Based on this language, the Court held that it

9

was unclear whether infringement occurred when one created a system that allowed the user to use the input means or when the user actually used the input means. *Id*.

In *IPXL* the claim language described both the system and the user's active use of the system. *See Ricoh*, 486 F.Supp.2d at 402. In contrast, the claim language in claim 1 of the '275 patent merely describes the claimed apparatus in functional terms. Claim 1 is an apparatus, requiring a processor and memory. It is only the software (e.g., the background task of the operating system) that is being described in terms of its functionality, which is a customary and accepted practice under the law. Claim 1 of the '275 patent uses the language "said background task performs the steps of …," describing the "background task" in functional terms – i.e., something that "performs the steps of." '275 patent, 8:20-21 (Doc. No. 155-7).

The fact that claim 1 recites several apparatus elements followed by functional language describing the function of the "background task" (i.e., to perform the steps of monitoring, detecting and notifying) does not render it indefinite. In *Toshiba Corp.*, the claim language at issue included: "the control message processing unit <u>communicates</u>," "the transfer unit <u>uses</u>," "the memory unit <u>stores</u>," "the control message processing unit <u>uses</u>," "the transfer unit <u>transfers</u>," and "the control message processing unit <u>uses</u>." 2006 WL 1788479 *4. The Court correctly held that the above language was merely active functional language used to describe the functions of the underlying apparatus and that none of the claims impermissibly insert "method-of-use" language into an apparatus claim. *Id*. The same is true with respect claim 1 of the '275 patent. The language "said background task performs the steps of" is no different than the above language from *Toshiba Corp.* – it is active functional language that describes the function of the background task.

Claim 1 does not require apparatus and method elements. Rather, it merely describes the components of the apparatus in functional terms, just as the patentee did in *Toshiba Corp.* This is permissible and Defendants' motion for summary judgment should be denied.

**4. Defendants Have Not Presented Any Evidence to Overcome the Examiner's Finding.**

The patent examiner did not reject claim 1 of the '275 patent for failing to comply with 35 U.S.C. § 112 ¶ 2. Rather, the examiner allowed claim 1. As noted by the Federal Circuit in *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 986 (Fed. Cir. 1995), *affirmed,* 517 U.S. 370 (1996):

> Patent applications, unlike contracts, are reviewed by patent examiners, quasi-judicial officials trained in the law and presumed to "have some expertise in interpreting the [prior art] references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents." If the patent's claims are sufficiently unambiguous for the PTO, there should exist no factual ambiguity when those claims are later construed by a court of law in an infringement action.

(internal citations omitted). An examiner's work may not be challenged without evidence. *Genzyme Corp. v. Transkaryotic Therapies, Inc.*, 346 F.3d 1094, 1103 n. 3 (Fed. Cir. 2003). Defendants have not presented any evidence, other than that already considered by the examiner, to demonstrate that the patent examiner committed error by allowing the claims of the '275 patent. As a result, Defendants' motion should be denied.

## VI.     CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment should be denied in its entirety.

DATED: February 27, 2012            Respectfully submitted,

| | |
|---|---|
| /s/ Anthony G. Simon | Edward R. Nelson, III, Texas State Bar No. 00797142 |
| Anthony G. Simon | Christie B. Lindsey, Texas State Bar No. 24041918 |
| Michael P. Kella | S. Brannon Latimer, Texas State Bar No. 24060137 |
| THE SIMON LAW FIRM, P.C. | NELSON BUMGARDNER CASTO, P.C. |
| 800 Market Street, Suite 1700 | 3131 West 7th Street, Suite 300 |
| Saint Louis, Missouri 63101 | Fort Worth, Texas 76107 |
| P. 314.241.2929 | P. 817.377.9111 |
| F. 314.241.2029 | F. 817.377.3485 |
| asimon@simonlawpc.com | enelson@nbclaw.net |
| mkella@simonlawpc.com | clindsey@nbclaw.net |
| | blatimer@nbclaw.net |
| | |
| /s/ James C. Hall | T. John Ward, Jr., Texas State Bar No. 00794818 |
| Paul J. Hayes | J. Wesley Hill, Texas State Bar No. 24032294 |
| Dean G. Bostock | WARD & SMITH LAW FIRM |
| James C. Hall | P.O. Box 1231 |
| HAYES, BOSTOCK & CRONIN LLC | Longview, Texas  75601 |
| 300 Brickstone Square, 9th Floor | P. 903.757.6400 |
| Andover, MA  01810 | F. 903.757.2323 |
| P. 978.809.3850 | jw@jwfirm.com |
| F. 978.809.3869 | wh@jwfirm.com |
| phayes@hbcllc.com | |
| dbostock@hbcllc.com | |
| jhall@hbcllc.com | |

*ATTORNEYS FOR PLAINTIFF*
*SMARTPHONE TECHNOLOGIES, INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel via the Court's CM/ECF system on February 27, 2012.

/s/ Anthony G. Simon
Anthony G. Simon

12