IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SMARTPHONE TECHNOLOGIES, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. |
| RESEARCH IN MOTION CORP., et al., | ) ) | 6:10-cv-0074-LED-JDL |
| Defendants. | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) ) | Civil Action No. |
| HTC CORPORATION, et al., | ) ) | 6:10-cv-580-LED-JDL |
| Defendants. | ) ) ) | JURY TRIAL DEMANDED |

**DEFENDANTS' OBJECTIONS TO AND MOTION FOR RECONSIDERATION OF
THE AMENDED MEMORANDUM OPINION AND ORDER REGARDING
<u>CLAIM CONSTRUCTION (D.I. 366)</u>**

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 72, the Defendants Apple Inc. and AT&T Mobility LLC respectfully submit these objections to Magistrate Judge Love's February 13, 2012 Amended Memorandum Opinion and Order regarding claim construction ("Order") (D.I. 366) and respectfully move for reconsideration of Magistrate Judge Love's claim construction Order. In particular, Defendants object to the constructions of several claim terms because they are inconsistent with the plain language of the claims and the intrinsic evidence, and the Order failed to resolve genuine disputes concerning the scope of claim terms presented by the parties.

## II. THE '215 PATENT

Defendants object to the construction of seven claim terms from claim 17 of U.S. Patent 6,505,215 set forth in the *Order*. The asserted claim 17 of the '215 Patent recites:

17. A portable computer comprising:
 a first application executable on the portable computer;
 a plurality of transport modules, including a first wireless transport module and a first direct connection transport module;
 a first set of records for use with the first application, the first set of records being accessible to the transport modules in the plurality of transport modules;
 a synchronization application executable on the portable computer to identify at least a portion of the first set of records, to identify a selected transport module from the plurality of transport modules, and to send the portion of the first set of records over a medium of the selected transport module in order to synchronize the first set of records with a corresponding set of records of a computer system.

'215 Patent at 10:40-56.

### A. "synchronize"

| Smartphone's Construction | Defendants' Construction | Court's Construction |
|---|---|---|
| No construction necessary | "compare two sets of records and reconcile the differences" | "to reconcile the differences between" |

Defendants respectfully submit that Magistrate Judge Love's construction is incomplete because it does not affirmatively describe what is being reconciled. Defendants contend that Magistrate Judge Love's construction "to reconcile the differences between" impliedly includes Defendants' proposed construction "compare two sets of records." Defendants' position is further supported by the description of synchronize in the incorporated patents which disclosed embodiments include a comparing step. *See* Nov. 16, 2011, Defs.' Resp. at 14-15 (D.I. 315) (hereinafter "Defs.' Resp."); Order at 7-8. Defendants therefore respectfully request this Court reconsider and clarify its construction of the term "synchronize" to further include "compare two sets of records." *See* Defs.' Resp. at 14-15; *see also* 12/15/2011 Markman Hr. Tr. at 91:5-93:15.

**B.** "application"

| Smartphone's Construction | Defendants' Construction | Court's Construction |
|---|---|---|
| No construction necessary, but if construed: "a computer program" | "a software program used for a particular function, excluding system control software and support processes" | "a computer program" |

The parties previously agreed that "application" is a software or computer program. *See* Defs.' Resp. at 5; *see also* Order at 9. During claim construction the primary dispute was whether an "application" may include system software (*i.e.,* "system control software and support processes"). *See* Defs.' Resp. at 5; *see also* Order at 9. In the Order, Magistrate Judge Love defined "application" as "a computer program." Defendants respectfully request reconsideration of Magistrate Judge Love's construction because Magistrate Judge Love's construction is unsupported by the plain and ordinary meaning of "application" in view of the specification and by the extrinsic evidence. *See, e.g.,* Defs.' Resp. at 4-6; *see also* 12/15/2011 Markman Hr. Tr. at 11:7-25:8 & 29:24-32:20.

Magistrate Judge Love's construction improperly broadens the scope of the claim term by allowing an application to be any "computer program." In declining to exclude "system control software and support processes," Magistrate Judge Love relies on language in the specification which permits "back-end functionality where the application is not interacting directly with the user" and the use of the term "could be" in the abstract. Magistrate Judge Love's use of this language is inapposite. Whether the applications are capable of providing back-end processes without interacting directly with the user has no bearing on whether the proper construction of the term "application" should exclude "system control software and support processes."

The patent consistently uses the term application as something a user can interact with. The term "application" deals with initiating the synchronization application, and there is no support in the patent to suggest that initiating a synchronization application is by anything other than the user pressing the "hot sync button." *See* 12/15/2011 Markman Hr. Tr. at 12:19-13:14. Simply because the synchronization application allows for a particular "back-end functionality" does not mean that a user does not first interact with the application by turning it on. Additional back-end functionality where the application is not interacting directly with the user is inapposite to the claim language and whether the proper construction should exclude "system control software and support processes."

Finally, although Magistrate Judge Love states that "it is self evident from the claim language that the 'application' performs functions," Magistrate Judge Love refused to include the phrase "used for a particular function" in its definition of "application." *See* Order at 10-11. Defendants respectfully submit that Magistrate Judge Love's failure to include "used for a particular function" in its construction was in error and respectfully request the Court reconsider its construction and construe "application" as: "a software program used for a particular

3

function, excluding system control software and support processes." In the alternative, and in response to Magistrate Judge Love's concern that the exclusion of "system control software and support processes" "would require further construction," during the claim construction hearing Defendants provided an alternative definition for Magistrate Judge Love's consideration: "a computer program or software program that interacts with the user." *See* Markman Hr. Tr. at 31:23 – 32:2.

    **C.**    "synchronization application"

| Smartphone's Construction | Defendants' Construction | Court's Construction |
|---|---|---|
| "software that reconciles data between applications on two or more computer systems" | Construed in the context of the above constructions for "application" and "synchronize," but if the Court desires a separate construction, then: "an application that compares two set of records used by two other applications and reconciles the differences" | "a computer program that reconciles differences" |

Defendants' respectfully submit that based on Magistrate Judge Love's erroneous construction of the terms "synchronize" and "application," to which Magistrate Judge Love based its construction of the term "synchronization application," reconsideration of the term "synchronization application" based on Magistrate Judge Love's reconsideration of the terms "synchronize" and "application" is proper.

    **D.**    "the first set of records being accessible to the transport modules in the plurality of transport modules"

| Smartphone's Construction | Defendants' Construction | Court's Construction |
|---|---|---|
| No construction necessary, but if construed: "the transport modules are able to access the | "the first set of records can be synchronized with a corresponding set of records | "the transport modules are able to access the first set of |

4

| | | |
|---|---|---|
| first set of records" | using each of the at least one wireless transport module and at least one direct connection transport module" | records" |

Defendants respectfully request reconsideration of Magistrate Judge Love's construction of the term "the first set of records being accessible to the transport modules in the plurality of transport modules." Defendants submit that rewriting the claim language using the same terminology is ineffective and fails to provide the jury with clarification of the terms "accessible" and "transport modules in the plurality of transport modules." For the reasons stated in Defendants' briefing and during the *Markman* hearing, Defendants believe that construction of the term "the fist set of records being accessible to the transport modules in the plurality of transport modules" is necessary to provide clarification of the term to the jury. *See* Defs.' Resp. at 11-12; *see also* Markman Hr. Tr. at 61:1-63:17, 65:21-66:13. In particular, Defendants propose that this term should be construed to include "using each of the at least one wireless transport module and at least one direct connection transport module" to provide necessary clarification to the jury.

    **E.**    "to identify at least a portion of the first set of records"

| **Smartphone's Construction** | **Defendants' Construction** | **Court's Construction** |
|---|---|---|
| No construction necessary | "to determine which of the first set of records are to be communicated to another computer system to synchronize the first set of records" | No construction necessary |

Defendants respectfully submit that Magistrate Judge Love erred in failing to construe the term "to identify at least a portion of the first set of records" and request the Court reconsider

5

that term. Magistrate Judge Love itself noted that "it is readily apparent from the claim language itself that the identification is tied to the synchronization process," but still declined to construe this claim term. Order at 20. For the reasons stated in Defendants' briefing, Defendants believe that construction of the term "the first set of records being accessible to the transport modules in the plurality of transport modules" is necessary to clarify that identification of records is not divorced from the synchronization process. *See* Defs.' Resp. at 13. Reconsideration is appropriate.

**F.** "to identify a selected transport module from the plurality of transport modules"

| Smartphone's Construction | Defendants' Construction | Court's Construction |
|---|---|---|
| No construction necessary | "to identify a transport module selected by a user" | Pg 21 – "The Court finds that 'selected' as used in the phrase 'to identify a selected transport module from the plurality of transport modules' does not require a selection by a user." |

Magistrate Judge Love erred by not construing the term "selected" as it appears in the claim limitation "to identify a selected transport module from the plurality of transport modules." The claim requires identification of a transport module which was previously "selected" from the "plurality of transport modules." Permitting the synchronization application to both identify and select the transport module would render meaningless the clear use of two different and separate words, "to identify," and "selected."

Magistrate Judge Love's analysis overlooks a central point that the transport module is selected by the "user." In other words, the selection occurs only after a user chooses the appropriate "transport module from the plurality of transport modules." The plain language of

6

the claim is instructive. Claim 17 of the '215 Patent recites "a synchronization application . . . to identify a selected transport module" which by its plain meaning requires that the synchronization application identify a transport module which was pre-selected by something else. Moreover, the plain language of the surrounding claims support Defendants' construction by revealing that the "selection" of the transport module is performed by a user. For example, dependent claim 3 recites, "identifying a transport module includes identifying a *user selection* specifying the first wireless transport module." The remaining surrounding claims are consistent, and only disclose "selection" of the transport module by a user. *See, e.g.,* '215 Patent, claims 4, 5, 12, 13, 14. This is in contrast to the claims merely "identifying" a transport module. *See, e.g.,* '215 Patent, claims 1, 6, 7, 10, 15, 16. The claim language thus reveals that use of the term "selection" or "selected" necessarily implies that the selection is performed by a user.

The specification also provides consistent support for this construction, and describes how a user is responsible for selecting a transport module. For example, after obtaining a list of available services, the synchronization program displays a list of available transport modules. "The user can then select which synchronization transport adaptation layer module and service to use when a synchronization is to be performed." '215 Patent at 7:57-60.

Although Magistrate Judge Love noted that "while the preferred embodiment of the '215 patent discloses a system where a user selects the transport module," Magistrate Judge Love declined to construe "selected" as "selected by a user." Instead, Magistrate Judge Love cited a single line from the patent's Abstract, which states that "[t]he selection could be from a user" in its failure to construe the term "selected." *See* Order at 21-22. This single line from the patent's Abstract cannot be considered dispositive or controlling, as the remainder of the specification

7

provides no disclosure of selecting a transport module by any source other than a user. The general statement that the selection could be from a user is thus equivalent to boilerplate language that is given no weight. *See ICHL, LLC v. NEC Corp. of Am.*, No. 5:08CV65, 2010 U.S. Dist. LEXIS 38942, at *51-52 (E.D. Tex. Apr. 20, 2010) ("The 'cautionary language' in the '631 Patent that Plaintiff relies upon, which states that 'various modifications' can be made and 'alternative materials, shapes and dimensions may be utilized,' does not compel the construction Plaintiff advances. Such boilerplate language is given no weight here.") (citation omitted).

For the foregoing reasons, Defendants respectfully objects to Magistrate Judge Love's Order not construing the claim term and requests the Court reconsider the construction of the term and construe the language as: "to identify a transport module selected by a user."

    **G.**    "computer system"

| **Smartphone's Construction** | **Defendants' Construction** | **Court's Construction** |
|---|---|---|
| No construction necessary | "a personal computer" | No construction necessary |

Defendants respectfully submit that Magistrate Judge Love erred by not construing the term "computer system" and request the Court reconsider its construction. Defendants argued that the Court should construe "computer system" to be "a personal computer." *See* Defs.' Resp. at 15. Plaintiff disagreed and argued that Magistrate Judge Love should not construe "computer system" because "the jury will be suitably familiar with the ordinary meaning of 'computer system.'" July 28, 2011, Plaintiff's Claim Construction, at 13 (D.I. 294). In its Order, Magistrate Judge Love cited to just one boiler plate sentence in the specification to support its decision to not construe "computer system" as "a personal computer." *See* Order at 23. The specification states: "the same techniques can easily be applied to other types of computer

8

devices," this language amounts to nothing more than boiler plate language that should be given no weight. *See ICHL, LLC*, 2010 U.S. Dist. LEXIS 38942, at *51-52. Such a broad definition of the term "computer system" is unsupported by the ordinary meaning of the claims and is unsupported by the patent, which does not enable the use of a "computer system" outside of "a personal computer." By focusing on this single boiler plate sentence, Magistrate Judge Love gives little weight to the remainder of the patent and the applications that are incorporated by reference, each of which supports Defendants' proposed construction. *See* Defs.' Resp.at 15-17.

### III.  THE '609 PATENT

Defendants object to the construction of three claim terms from claim 6 of U.S. Patent 6,711,609 set forth in the Order. The asserted claim 6 of the '609 Patent recites:

6. A method for exchanging data between a portable computer and a second computer, the
    method comprising:
      receiving, on the second computer, a first signal from the portable computer to exchange
          data with the portable computer;
      in response to the first signal, synchronizing a first set of messages on the portable
          computer with a second set of messages on the second computer;
      receiving, on the second computer, a second signal from the portable computer to send
          data from the portable computer through the second computer to an intended
          recipient;
      in response to the second signal, receiving the data from the portable computer; and
      sending the data to the intended recipient; and
      wherein the stop of receiving the data from the portable computer is performed
          concurrently with the stop of synchronizing a first set of messages on the portable
          computer with a second set of messages on the second computer.

'609 Patent at 7:6-26.

### A.  "signal"

| Smartphone's Construction | Defendants' Construction | Court's Construction |
|---|---|---|
| "request" | "request from the portable computer that is separate and distinct from the data to be sent and messages to be | "request" |

|  | synchronized" |  |
|---|---|---|

Defendants respectfully submit that Magistrate Judge Love's construction is incomplete because it does not clarify that a signal is a request "from the portable computer that is separate and distinct from the data to be sent and messages to be synchronized." Defendants contend that the language of the claim is clear, a signal must be separate and distinct from the data to be synchronized. *See* Defs.' Resp. at 29-30. For example, claim 6 specifically reads: "a first *signal* from the portable computer *to exchange* data with the portable computer." '609 Patent at 7:9-10 (emphasis added). A simple reading of the claim language demonstrates that the signal and the exchange are two distinct events. Defendants respectfully request this Court reconsider its construction of the claim term "signal" to clarify that signal is separate and distinct from the messages and data.

**B.** "in response to"

| Smartphone's Construction | Defendants' Construction | Court's Construction |
|---|---|---|
| No construction necessary | "as a result of and subsequent to" | No construction necessary |

Defendants respectfully request reconsideration of the claim term "in response to" and submit that Magistrate Judge Love's construction is incomplete because it does not clarify that "in response to," as it appears in the claim language, requires that synchronization or transfer of data occurs as a result of and subsequent to a corresponding signal. *See* Defs.' Resp. at 30.

**C.** "synchronizing"

| Smartphone's Construction | Defendants' Construction | Court's Construction |
|---|---|---|
| No construction necessary, but if construed: "ensuring that | "comparing two sets of messages and reconciling the | "comparing and reconciling |

| | | |
|---|---|---|
| the email state on a portable computer matches the email state on another computer" | differences" | the differences between" |

Defendants respectfully submit that Magistrate Judge Love's construction is incomplete because it does not affirmatively describe what is being compared and reconciled.  Defendants contend that Magistrate Judge Love's construction "comparing and reconciling the differences between" impliedly includes Defendants' proposed construction "comparing *two sets of messages* and reconciling the differences."  Defendants therefore respectfully request this Court reconsider and clarify its construction of the term "synchronizing" to be "comparing two sets of messages and reconciling the differences" as presented in Defendants' claim construction brief. *See* Defs.' Resp. at 26-27.

## IV.   CONCLUSION

For the foregoing reasons, and the reasons set forth in the Joint Claim Construction and Prehearing Statement, Defendants' Responsive *Markman* Brief, *Markman* hearing, Defendants respectfully request that the Court overrule Magistrate Judge Love's claim constructions of the above terms and overrule Magistrate Judge Love's decision not to construe the above terms, and adopt Defendants' proposed construction of these terms.

Dated: August 20, 2012                    Respectfully submitted,

/s/
Jeffrey G. Randall
Lead Attorney
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA  94304-1106
Tel: (650) 320-1850
Fax: (650) 320-1950
jeffrandall@paulhastings.com

Allan M. Soobert
Kim Moore
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
Tel: (202) 551-1822
Fax: (202) 551-0222
allansoobert@paulhastings.com
kimmoore@paulhastings.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX 75606
Tel: (903) 757-8449
Fax: (903) 758-7397
ema@emafirm.com

*Attorneys for Defendant Apple Inc.*

*/s/*
BAKER BOTTS L.L.P.
Bryant C. Boren, Jr.,
Lead Attorney
State of Texas Bar No. 02664100
Christopher W. Kennerly
State of Texas Bar No. 00795077
Kevin E. Cadwell
State of Texas Bar No. 24036304
620 Hansen Way
Palo Alto, California 94304
Tel: (650) 739-7501
Fax: (650) 739-7601
bryant.c.boren@bakerbotts.com
chris.kennerly@bakerbotts.com
kevin.cadwell@bakerbotts.com

BAKER BOTTS L.L.P.
Jeffrey Baxter
State of Texas Bar No. 24006816
2001 Ross Avenue
Dallas, TX 75201
Tel: (214) 953-6500
Fax: (214) 953-6503
jeff.baxter@bakerbotts.com

*Attorneys for Defendant AT&T Mobility LLC*

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 20th day of August, 2012.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Jeffrey G. Randall*
Jeffrey G. Randall

14