UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SMARTPHONE TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>RESEARCH IN MOTION CORP., *et al.*,<br><br>Defendants. | Civil Action No.:<br>6:10-cv-00074-LED-JDL<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
OBJECTIONS TO, AND MOTION FOR RECONSIDERATION OF, THE
AMENDED MEMORANDUM OPINION AND ORDER
REGARDING CLAIM CONSTRUCTION (DKT. NO. 366)**

06023473

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. THE '215 PATENT ......................................................................................................... 1

    A. "synchronize" ..................................................................................................... 1

    B. "application" ...................................................................................................... 2

    C. "synchronization application" ............................................................................ 3

    D. "the first set of records being accessible to the transport modules in the plurality of transport modules" ............................. 4

    E. "to identify at least a portion of the first set of records" .................................. 4

    F. "to identify a selected transport module from the plurality of transport modules" ........................................................................ 5

    G. "computer system" ............................................................................................ 5

III. THE '609 PATENT ......................................................................................................... 6

IV. CONCLUSION ............................................................................................................... 6

## TABLE OF AUTHORITIES

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*,
234 F.3d 556 (Fed. Cir. 2000) ................................................................................................2

*ICHL, LLC v. NEC Corp.*, 2010 U.S. Dist. LEXIS 38942 (E.D. Tex. Apr. 20, 2010) .........5

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967
(Fed. Cir. 1995) ......................................................................................................................3

*Merck & Co. v. Teva Pharm. USA, Inc.*, 395 F.3d 1364
(Fed. Cir. 2005) ......................................................................................................................5

*Modine Mfg. Co. v. U.S. Int'l Trade Comm'n*, 75 F.3d 1545
(Fed. Cir. 1996) ......................................................................................................................2

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
521 F.3d 1351 (Fed. Cir. 2008) ..............................................................................................3

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) .....................................................2, 4

## I. INTRODUCTION

Plaintiff, Smartphone Technologies LLC ("SmartPhone"), respectfully submits this opposition to the moving "Defendants' Objections to and Motion for Reconsideration of the Amended Memorandum Opinion and Order Regarding Claim Construction (D.I. 366)," filed as Docket. No. 412 (the "Motion").[1] Contrary to Defendants' arguments, Magistrate Judge Love's claim construction Order (the "Order") is not inconsistent with the language of the claims or intrinsic evidence and Magistrate Judge Love did not fail to resolve genuine disputes over the scope of the claims. As Magistrate Judge Love's rejection of Defendants' claim construction arguments was not clearly erroneous, contrary to law, or otherwise defective, SmartPhone requests that the Motion be denied.

## II. THE '215 PATENT

Defendants challenge Magistrate Judge Love's construction of seven claim terms found in claim 17 of the '215 Patent.

### A. "synchronize"

Defendants improperly attempted to have Magistrate Judge Love import an extraneous limitation into the claim language. The term "synchronize" appears as highlighted below in the final element of claim 17:

> a synchronization application executable on the portable computer to identify at least a portion of the first set of records, to identify a selected transport module from the plurality of transport modules, and to send the portion of the first set of records over a medium of the selected transport module in order to **synchronize** the first set of records with a corresponding set of records of a computer system.

---

[1] Defendants LG Electronics, Inc. and LG Electronics USA, Inc. have not moved for reconsideration. Hence, references to "Defendants" herein are to the moving defendants, Apple, Inc. and AT&T Mobility LLC.

Magistrate Judge Love found this term to be "clearly defined" in the specification, namely "[t]he synchronization setting is the default method of operation wherein the corresponding databases on both the desktop and portable are reconciled." Order, p. 7 (quoting '215 Patent at 5:44-46). Based on that disclosure, the Court construed "synchronize" as "to reconcile the differences between." Order, p. 7.

Magistrate Judge Love properly refused to read into this term the additional step of "compar[ing] two sets of records." The Court found that the specification's clear definition of synchronization "does not require a comparison step" and Defendants' "attempt to read an embodiment from an incorporated reference into the claims is contradicted by the patentee's unambiguous definition of 'synchronization' in the native '215 specification." Order, p. 7. This construction is consistent with controlling law cited in the Order. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1323 (Fed. Cir. 2005); *Modine Mfg. Co. v. U.S. Int'l Trade Comm'n*, 75 F.3d 1545, 1553 (Fed. Cir. 1996), *overruled on other grounds by Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 234 F.3d 556 (Fed. Cir. 2000). Defendants' proposed construction was properly rejected.

**B.     "application"**

Once again, Magistrate Love properly rejected Defendants' attempt to read limitations, this time negative limitations, into the claim language and construed "application" to mean "a computer program." Order, pp. 10-12. Defendants' proposed construction was "a software program used for a particular function, excluding system control software and support processes." *See* Motion, p. 2. Defendants' argued that the specification excludes programs that are not initiated by the user and, thus, excluded system control software and support processes. *Id.* The Court properly found that Defendants'

proposed construction was unacceptable because "neither the specification nor the claims require a construction that excludes system control software or support processes." Order, p. 11. The Court cited to portions of the specification and claim 17 wherein applications are performed without the user initiation. *Id.* at 11-12 (citing '215 Patent at 10:48-55; 7:16-33; 7:34-38; 7:49-51; 8:17-19). Thus, the Court's construction is correct because it is consistent with the claim and the specification, whereas Defendants' proposed construction is legally incorrect. *See, e.g., O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008) (cited at Order, p. 12).[2]

Finally, on this term, Defendants argue that Magistrate Judge Love erred by not adopting the phrase "used for a particular function" in the definition of "application." Motion at 3. Magistrate Judge Love correctly and explicitly rejected this additional, extraneous phrase "because the phrase is required neither by the specification nor the extrinsic evidence provided by the parties." Order at 10. This finding is consistent with controlling law and is not erroneous. *See, e.g., Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995).

### C. "synchronization application"

In arguing that the Court's construction of this term was wrong, Defendants merely incorporate their arguments regarding construction of the terms "synchronization" and "application." For the reasons set forth above, Magistrate Judge Love did not err in construing "synchronization" or "application." Thus, the construction of "synchronization application" was, likewise, correct.

---

[2] On page 4 of the Motion, Defendants alternatively request a construction that they raised at the claim construction hearing, namely "a computer program or software program that interacts with the user." For the reasons set forth above, and as found by Magistrate Judge Love, limiting "application" to programs that must be interactive with the user is inconsistent with the claim and the specification.

D. **"the first set of records being accessible to the transport modules in the plurality of transport modules"**

Defendants proposed that this term be construed as "the first set of records can be synchronized with a corresponding set of records using each of the at least one wireless transport module and at least one direct connection transport module." *See* Order at 18. The Court properly rejected this extraneous synchronizing language as redundant to other language in the claim. *Id.* at 18-20. The Court first noted that the specification does not explicitly define "being accessible." *Id.* at 19. Therefore, the Court quoted a portion of the specification that generally describes what "being accessible" means. *See* Order at 19 (citing '215 Patent at 7:49-60). Based on that disclosure, the Court stated that "'being accessible' in the context of Claim 17 means that the transport modules have the ability to access the first set of records." *Id.* Defendants improperly attempted to have the Court add an extraneous synchronizing step into this claim term. *Id.* Magistrate Judge Love correctly rejected this attempt because synchronization had already been construed elsewhere in the claim:

> Having construed "transport module" above as "a single interface that handles synchronization for a specific medium," the Court find no further need to insert "synchronize" or its other variants into this claim element.

*Id.* Thus, the Court properly rejected Defendants' proposal as redundant and contrary to the specification.[3]

E. **"to identify at least a portion of the first set of records"**

The Court agreed with SmartPhone that this phrase does not require construction. The Court correctly determined that Defendants' attempt to read the extraneous limitation of "synchronization" into the term was improper. *Id.* at 20; *Phillips*, 415 F.3d at 1323.

---

[3] Defendants now assert that this term should be construed to include "using each of the at least one wireless transport module and at least one direct connection transport module" in order "to provide necessary clarification to the jury." *Id.* This is not what was requested in the briefing and, in any event, Defendants have not shown that the Court's construction is in any way unclear.

F.  **"to identify a selected transport module from the plurality of transport modules"**

As the Court noted, "[t]he parties dispute whether the term 'selected' refers to a selection by a user or whether the selection can occur by other means." *Id.* Defendants argued that the additional limitation "by a user" should be read into this term. *Id.* at 20-21. The Court properly rejected Defendants' proposed construction. First, the Court correctly stated that the claim does not recite or require the selection to be from a user. *Id.* at 21. Second, the Court correctly stated that other claims do recite "user selection." *Id.* Thus, citing *Merck & Co. v. Teva Pharm. USA, Inc.*, 395 F.3d 1364, 1372 (Fed. Cir. 2005), the Court correctly determined that "selection" must be broader that "user selection." Order at 21. Finally, the Court noted that the Abstract of the patent states explicitly that the "selection could be from a user." *Id.* at 21-22.[4] Thus, the Court did not err in rejecting Defendants' attempt to add a mandatory "user" limitation to the claim.

G.  **"computer system"**

Magistrate Judge Love agreed with SmartPhone that the jury will be familiar with this plain and ordinary term that "speaks for itself." *Id.* at 23. Defendants now incorrectly argue that the Court's construction was based upon "just one boiler plate sentence in the specification." Motion at 8. The excerpt from the specification cited by the Court is not boilerplate. It addresses the specific technology described in the '215 Patent. *See* Order at 23. The Court correctly rejected Defendants' attempt to change "computer system" to "a personal computer."

---

[4] In their brief, Defendants' argue that the portion of the Abstract quoted by the Court is boilerplate and should be given no weight. Motion at 7-8. This argument must be rejected as the Abstract of the '215 Patent is not boilerplate. To the contrary, it is directed to the specific subject matter of the patent. This is not the type of boilerplate language addressed in *ICHL, LLC v. NEC Corp.*, 2110 U.S. Dist. LEXIS 38942 (E.D. Tex. Apr. 20, 2010), cited by Defendants.

### III. THE '609 PATENT

SmartPhone has dropped the '609 Patent from this case. Accordingly, these claim construction issues are now moot.

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion for reconsideration of claim construction of the '215 Patent should be denied on the merits and Defendants' motion for reconsideration of claim construction of the '609 Patent should be denied as moot.

Dated: August 30, 2012

/s/ Dean Bostock
T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75601
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: jw@jwfirm.com
Email: wh@jwfirm.com

Paul J. Hayes, MA BBO# 227000
Dean G. Bostock, MA BBO# 549747
James C. Hall, MA BBO# 656019
Paul J. Cronin, MA BBO# 641230
**HAYES, BOSTOCK & CRONIN LLC**
300 Brickstone Square, 9th Floor
Andover, MA 01810
Tel: (978) 809-3850
Fax: (978) 809-3869
Email: phayes@hbcllc.com
Email: dbostock@hbcllc.com
Email: jhall@hbcllc.com
Email: pcronin@hbcll.com

**ATTORNEYS FOR PLAINTIFF
SMARTPHONE TECHNOLOGIES LLC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with the Local Rule CV-5 on August 30, 2012. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/     Dean Bostock