# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **SMARTPHONE TECHNOLOGIES LLC,** | § § § | |
| Plaintiff, | § § | NO. 6:10cv74 LED-JDL |
| vs. | § § | PATENT CASE |
| **APPLE, INC., et al.,** | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff SmartPhone Technologies, LLC's ("SmartPhone") Emergency Motion for Clarification of Order on Motion to Compel (Doc. No. 624) ("M<small>TN FOR</small> C<small>LARIFICATION</small>"). Defendant Apple, Inc. ("Apple") has filed a response (Doc. No. 628), in which co-Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. ("collectively, "LG") join (Doc. No. 633). Apple's response also serves as a rebuttal Motion for Immediate Compliance with SmartPhone's Discovery Obligations (Doc. No. 629). Upon consideration of the parties' arguments, SmartPhone's Motion for Clarification (Doc. No. 624) is **DENIED**, and further, Apple's Motion for Compliance (Doc. No. 629) is **GRANTED**. In addition, SmartPhone is **ORDERED** to pay Apple's reasonable expenses and attorneys' fees incurred in association with Apple's original Motion to Compel SmartPhone to Produce Documents in Accordance with its Discovery Obligations (Doc. No. 462) ("M<small>TN TO</small> C<small>OMPEL</small>") and Apple's Motion for Compliance (Doc. No. 629), pursuant to Fed. R. Civ. P. 37(a) and (b).

# BACKGROUND

On December 4, 2012, Apple filed a motion to compel, requesting the Court to order SmartPhone to produce licensing, settlement and patent evaluation documents. MTN TO COMPEL AT 1. SmartPhone maintained that such documents were either protected by various privileges or were not within SmartPhone's possession or control. COMPEL RESPONSE AT 1 (Doc. No. 493). In particular, SmartPhone represented that many of the documents were in the possession of ACCESS Co. Ltd. ("ACCESS"), who licensed the patents-at-issue to SmartPhone. *Id.* Moreover, SmartPhone maintained that the documents Apple seeks are protected by the attorney-client privilege, work product doctrine, and common interest privilege. *Id.* SmartPhone argued that the documents in ACCESS' possession were privileged pursuant to the common interest privilege. *Id.* at 14.

The Court heard argument on February 13, 2013. At the hearing, the parties represented that they had not exchanged privilege logs, despite their obligation to do so pursuant to the Docket Control Order.[1] *See* DOCKET CONTROL ORDER AT 7 (Doc. No. 141); TRANSCRIPT AT 49:23-25, EX. 3, ATTACHED TO RESPONSE. The Court ordered the parties to produce, within seven days, privilege logs for the documents for which privilege is claimed, and further, to produce all privileged documents to the Court for *in camera* review. TRANSCRIPT AT 50:4-15. On February 14, 2013, the Court issued an order memorializing the rulings from the bench at the hearing the day before. In the Order, the Court granted as instructed Apple's Motion to Compel. FEB. 14, 2013 ORDER (Doc. No. 604).

---

[1] In the alternative, the parties were to notify the Court that there were no disputes as to claims of privileged documents. DOCKET CONTROL ORDER AT 7. On May 20, 2011, the parties moved to extend the deadline to exchange privilege logs regarding claim construction issues until May 31, 2011. The Court granted the motion on May 23, 2011 (Doc. No. 263). The Court received no other notice regarding privilege logs or privileged materials.

On February 20, 2013, SmartPhone moved for clarification of the Court's February 13th and 14th Orders (Doc. No. 624). By that time, SmartPhone had produced a privilege log to Defendants "identifying the documents between SmartPhone and ACCESS that SmartPhone contends are covered by the common interest privilege." MTN FOR CLARIFICATION AT 2. However, SmartPhone sought to clarify that it was under no obligation to submit a general privilege log that included documents other than those privileged between ACCESS and SmartPhone. *Id.*

In response, Apple filed its Motion for Immediate Compliance with SmartPhone's Discovery Obligations ("MTN FOR COMPLIANCE"). Apple seeks to compel SmartPhone to provide a privilege log for all documents responsive to Apple's original Motion to Compel; in other words, Apple requests that SmartPhone produce all documents related to licensing negotiations, settlement negotiations, and valuation of the patents-in-suit or provide a privilege log that includes documents for all privileges claimed. MTN FOR COMPLIANCE AT 1. Apple further requests that SmartPhone produce to the Court for *in camera* review all documents for which privilege is claimed. *Id.* at 14. In addition, Apple challenges SmartPhone's privilege log because it (1) only lists documents for which the common interest privilege is claimed; (2) includes boilerplate descriptions that do not enable Apple to challenge the asserted privilege; (3) insufficiently identifies recipients and senders, failing to include employers, job titles, etc.; (4) uses "et al." to indicate additional recipients of a communication; and (5) includes documents dated prior to the inception of this litigation. *Id.* at 5-6.

## APPLICABLE LAW

### I. Privilege

Under Federal Rule of Civil Procedure 26(b)(5), a party claiming privilege must (1) expressly claim privilege and (2) sufficiently describe the nature of documents or communications, without revealing the protected information, such that the opposing party is able "to assess the claim." FED. R. CIV. P. 26(b)(5)(A). However, because the assertion of privilege is subject to abuse, "it applies only where necessary to achieve its purpose." *Cf. U.S. v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)) (discussing the attorney-client privilege).

### II. Reasonable Expenses and Attorneys' Fees

If a motion to compel is granted, the Federal Rules dictate that the court "order the party whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." FED. R. CIV. P. 37(a)(5)(A). The court may not award fees and expenses if the opposing party's nondisclosure was "substantially justified." *Id.* Moreover, the court is entitled to award fees and expenses for a party's failure to comply with a court order under Rule 26(f) or 37(a). FED. R. CIV. P. 37(b).

## DISCUSSION

Federal Rule of Civil Procedure 26(f)(3)(D) dictates that the parties are to discuss discovery plans, including "any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order." The parties' Discovery and Docket Control Orders required that the parties meet and confer on the issue of privilege. Yet, it became apparent at the hearing on February 13, 2013 that the parties had not

exchanged privilege logs. While neither party sought to compel a log, such a course of conduct disregarded an explicit obligation set out in the parties' Docket Control and Discovery Orders. *See* DOCKET CONTROL ORDER AT 7; DISCOVERY ORDER AT ¶ 7 (Doc. No. 140). Per those Orders, privilege logs should have been exchanged long ago, as far back as 2011.

Now, SmartPhone inexplicably claims privilege over certain documents despite having never provided Apple with a privilege log until February 20, 2013, at the Court's direction. Moreover, SmartPhone continues to claim privilege for documents that *have not been logged*, despite the fact the Court has ordered it to do so. The Court, in no uncertain terms, explained at the February 13th hearing:

> that these documents to which privilege is claimed, in order for me to do anything with them, I need to see the documents specifically and I need a privilege log. . . . [W]hen a Court is presented with these types of issues, these documents ought to be specifically identified and a specific privilege claimed and an *in camera* inspection is what [sic] needs to happen.

TRANSCRIPT AT 44:17-45:1 (emphasis added). It seems that SmartPhone, despite claiming a variety of privileges, e.g., attorney-client, work product, and common interest, chose to log only the documents exchanged between SmartPhone and ACCESS for which the common interest privilege is claimed. This, in spite of the Court's comments that SmartPhone is eligible for protections under the attorney-client and work product privileges if they provide documents for *in camera* review, as well as some context for the privilege. *See id.* at 47:13-21.

The Court made a "ruling on those documents to which SmartPhone is claiming privilege." *Id.* at 49:18-19. SmartPhone was to produce a log to Defendants within seven days of the hearing "that's got these documents in it that we've been talking about today." *Id.* at 50:4-6. The Court further ordered SmartPhone to produce the log to the Court, in addition to all the

documents contained therein. *Id.* at 50:6-9. To date, SmartPhone has not provided a log or privileged documents to the Court.

In addition, SmartPhone's privilege log is deficient. SmartPhone has the burden of showing the existence of privilege. *See* FED. R. CIV. P. 26(b)(5)(A). The Federal Rules essentially dictate that when a party claims privilege, it must provide a log that provides facts that "would suffice to establish each element of the privilege or immunity that is claimed." *Taylor Energy Co., L.L.C. v. Underwriters at Lloyd's London Subscribing to Insur. Coverage Evidence by Policy No. HJ109303*, 2010 WL 3952208, at *1 (E.D. La. Oct. 7, 2010) (internal citation omitted). However, SmartPhone's privilege log does not identify facts that "will enable other parties to assess the claim [of privilege]." FED. R. CIV. P. 26(b)(5)(A). For one, SmartPhone does not identify the positions of the senders or recipients of documents such that one can deduce a common interest. Without a description of a person's occupation or job title, Apple cannot determine whether the claim of privilege is justified. Moreover, SmartPhone uses "et al." to indicate further dissemination of the documents. Such broad use of "et al." to indicate further communication to other parties is not helpful. One may simply assume that an "et. al" dissemination implies waiver of the privilege due to communication to third parties. Thus, SmartPhone should avoid the use of "et al." and specifically identify all recipients. Further, SmartPhone uses boilerplate language, i.e., "discussion re anticipated litigation and strategy." Such a description is insufficient to permit a receiving party to challenge the assertion of privilege. Put simply, more detail is required.[2]

As stated above, the Court's February 13th and 14th orders were directed to all documents for which SmartPhone claims privilege, and were not limited to the documents exchanged

---

[2] To the extent SmartPhone claims that documents generated after the filing of this lawsuit are privileged due to a common interest, such documents should also be logged.

between SmartPhone and ACCESS. Therefore, SmartPhone's Emergency Motion for Clarification (Doc. No. 624) is **DENIED**. It is clear from the hearing transcript that SmartPhone was to provide to the Court (1) the requested documents for *in camera* review and (2) a privilege log for all documents responsive to Apple's original Motion to Compel where SmartPhone is asserting privilege. Therefore, Apple's Motion for Compliance (Doc. No. 629) is **GRANTED**. SmartPhone shall produce documents relating to the valuation, licensing negotiations, and settlement negotiations of the patents-in-suit to Defendants Apple, AT&T, the LG Defendants, and the HTC Defendants[3] by **March 8, 2013**. If SmartPhone continues to claim privilege for these documents, SmartPhone shall provide to Defendants, and to the Court, a privilege log addressing **all privileges claimed**; the log shall <u>not</u> be limited to only the common interest privilege or documents exchanged between SmartPhone and ACCESS. The privilege log should list all documents for which privilege is claimed; identify the particular privilege claimed; identify the date of the document, as well as the senders and recipients of such documents, including any job titles, occupations, etc.; omit the use of "et al"; and include sufficient factual description so as to enable Defendants to assess the claim of privilege. Any such log must be forwarded to the Court and served on the Defendants by **March 8, 2013**. In addition, any documents listed on the privilege log shall be produced to the Court for *in camera* review by the same deadline. SmartPhone is once again encouraged to closely examine the documents at issue and claim privilege out of necessity only. The Court will review the logged documents and order production for any of those determined not to be privileged. Should SmartPhone fail to provide an adequate privilege log, the Court will order all responsive documents produced. Moreover, Apple and LG shall also provide any necessary privilege logs by March 8, 2013. If Apple and

---

[3] The Court's February 14, 2013 ruling extended production of documents and privilege logs to all Defendants in Action Nos. 6:10cv74 and 6:10cv580.

LG fail to do so, the Court will assume these parties do not assert privilege with regard to any discovery.

In addition, due to (1) SmartPhone's failure to produce a privilege log; (2) SmartPhone's failure to comply with the Court's orders associated with Apple's Motion to Compel; and (3) deficiencies in SmartPhone's privilege log, the Court **ORDERS** SmartPhone to pay the reasonable expenses and fees associated with both Apple's original Motion to Compel and its Rebuttal Motion for Immediate Compliance.

**So ORDERED and SIGNED this 1st day of March, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE